# Bailey's Estate.

*Wills—Trust and trustees—Res judicata—Decree of orphans' court—Trustee's account.*

1. Where a widow has filed an account as trustee and has been discharged, and a substituted trustee appointed, and afterwards the substituted trustee, under an order of the orphans' court, affirmed by the Supreme Court, sells real estate and files an account, all questions passed on by the Supreme Court in affirming the order to sell are res judicata on the adjudication of the substituted trustee's account, if the parties are the same.

*Wills—Power of appointment—Widow—Appointment among a class.*

2. Where testator gives to his widow his estate in trust and empowers her to divide the estate among their "joint issue," in such manner and in such proportions as she may think proper and advisable, the widow's power to appoint is restricted to the joint "issue" but within that class it is supreme.

3. Where the widow, in exercising the appointment, distributes certain personal effects among her children and to two of her daughters gives promissory notes executed by them in pursuance of a family agreement to secure debts of their husbands to testator's estate, she properly exercises the power, and this is the case even if the notes are not binding on the daughters.

4. The daughters will not be heard to contend in one breath that they are entitled to equal shares under the appointing power, and at the same time assert that a family agreement which they had

executed recognizing a continuing liability of their husbands to the estate was without consideration, and based on an expectancy merely liable to be defeated if their mother chose not to give them any part of the estate.

5. In such case no agreement made between the widow and her children, interfering with the appointing power confided by the husband, can bind her hands contrary to the provisions of her husband's will.

Argued October 1, 1926. Before Moschzisker, C. J., Frazer, Walling, Simpson, Kephart, Sadler and Schaffer, JJ.

Appeals, Nos. 106 and 107, March T., 1926, by Alice Bailey Garland and Eliza Bailey Garland, from decree of O. C. Allegheny Co., June T., 1921, No. 304, and Jan. T., 1926, No. 237, dismissing exceptions to adjudication, in estate of Henry J. Bailey, deceased. Affirmed.

Exceptions to adjudication of Miller, P. J.

The opinion of the Supreme Court states the facts.

Exceptions dismissed in opinion by Miller, P. J. Alice Bailey Garland and Eliza Bailey Garland, heirs and legatees, appealed.

*Error assigned* was, inter alia, decree, quoting bill of exceptions.

*William A. Griffith,* of *Griffith & Balter,* with him *Watson & Freeman,* for appellants.—Where testator gives his wife the power to appoint by will between and among their joint issue in such manner and in such proportions as she may think proper and advisable, joint issue means children only: McClellan's Est., 221 Pa. 261; Lewis's Est., 269 Pa. 379; Horwitz v. Norris, 49 Pa. 213; Wistar v. Scott, 105 Pa. 200; Roger's Est., 218 Pa. 431; McKonkey's App., 13 Pa. 253; Nelson's Est., 17 W. N. C. 326; Russell v. Kennedy, 66 Pa. 248; Wickersham v. Savage, 58 Pa. 365.

Where seven years before the widow's death and immediately before she has exercised the power of appointment, an agreement is entered into between the widow and testator's heirs-at-law, whereby, without any indebtedness owing by them and without any consideration given to them, appellants, two of testator's children, give to the estate their accommodation notes as additional security for their husbands' indebtedness to the estate, such agreement does not affect the power of appointment: Lenning's Est., 182 Pa. 485.

Such agreement is of no binding effect on the two wives: Bailey's Est., 276 Pa. 147.

The respective notes are of no binding effect on these two married women: Sibley v. Robertson, 212 Pa. 24; Wiltbank v. Tobler, 181 Pa. 103; Kile v. Kilner, 37 Pa. Superior Ct. 90; Slattery Bros. v. Powers, 285 Pa. 286.

The mere return of these invalid notes to those children, as provided by her will, is not a proper exercise of the widow's power of appointment and does not represent that portion of the estate to which they are entitled under the will of the testator.

*A. Leo Weil*, of *Weil, Christy & Weil*, for appellee.— All the questions were ruled by Bailey's Est., 276 Pa. 147.

OPINION BY MR. JUSTICE KEPHART, November 22, 1926:

Many of the facts necessary to a decision of this case are recited in a former appeal (Bailey's Est., 276 Pa. 147) and need not be repeated here. Appellants contend their notes were accommodation obligations and not binding on them, and that they received no benefit through them from the estate. Unfortunately, this matter was set at rest by the auditing judge in an adjudication in this estate, filed in No. 237, May Term, 1927, Orphans' Court of Allegheny County. It was there held "that the outstanding notes held by the trustee given by different members of this family were valid, legal obli-

gations." Counsel urges, however, that this was not an order or finding in a distribution of any fund represented by an account filed, and, because of exceptions to former adjudications that were not disposed of, this question is still open. Much of the printed argument in relation thereto is based on a statement permitted to be filed by the court below, to which counsel for appellee did not agree; the statement was not supported by evidence and was not considered in the disposition of the case, further certification of it being refused.

We have before us, from the record alone, the unchallenged notes of these appellants; there is nothing in it to show the notes were not based on a consideration, or that appellants did not receive substantial benefit through them.

The agreement, executed by appellants as heirs, was based on these notes. The court below made use of it to show the continuing liability thereunder to this estate in the sum of one hundred thousand dollars by each appellant, and to toll the running of the statute of limitations, if it applied. But it is said, the agreement is without consideration, and relates to an estate in which appellants had only an expectancy. We shall discuss this last phase of attack later.

When this case was here before, counsel representing these same appellants admitted, not only the validity of the agreement which they styled a "family agreement," but also endeavored to show that the death of Catherine Bailey concluded any right in the trustee to make sale under it. There was no thought, desire or intention to attack it at that time, for it was through this paper, mainly, the court below held the sale could not be made under the Price Act. The assault on the agreement at this time, without evidence to support it, is futile.

Even if we should assume as correct appellants' contention that the notes mentioned in the agreement

were accommodation notes from which they received no benefit (this assumption being contrary to the entire record), they are in no better position to establish their present claim against the estate, for two reasons.

First, we could not have made the order we did in 276 Pa. if all matters now challenged had not been there foreclosed. The very essence of that decree and the matter so strenuously contested by the then counsel for appellants rested entirely on the validity of the widow's appointment and the creation of a testamentary estate in the trustee. Had there been an invalid execution of the power, and this estate been distributable under the intestate laws, as appellants now say, the trustee would have had no right to make the sale of property as it did. The order was based on a valid exercise of the power of appointment under Henry J. Bailey's will among the beneficiaries named by Mrs. Bailey, the appointer, with the blending of the estates, real and personal. A sale of the real estate must follow. The decree could not have been made had not all these questions been considered at that time.

Second, even under the most favorable construction of Henry J. Bailey's will, and that of his widow appointing the beneficiaries, appellants would find themselves in no better position than that in which the court below left them, under the decree we are now considering. The discussion of this question leads into a further consideration of Mrs. Bailey's will. We said in effect in 276 Pa. that authority to divide an estate by will between and among "our joint issue" in such manner and in such proportions as the widow may think proper and advisable, restricts her designation to a class (joint issue), but that within the class the widow's will is supreme. Appellants now urge that, by the use of the word "divide," Henry J. Bailey meant that each of his joint issue should receive equal shares. If that be so, what becomes of his direction to divide "in such manner and in such proportions as she [the widow] may

think proper and advisable." If under such wills equality must be the rule, then the testator creates a class into which he desires his estate to be divided, and by his own hand he does the appointing by determining the proportion each shall receive. Such construction would render the service of the appointer, selected by him, useless, and cause such provisions, and similar ones like Lewis's Est., 269 Pa. 379, to be worthless.

We cannot strike this language from the will any more than we can add words that would cause these heirs to receive a greater portion of the estate than their mother thought they were entitled to. But, conceding a difference in the two words "divide" and "such" from other wills before our court, it could not mean any more than that these children should get something from their mother's estate. But we do not concede this, as a matter of law, as we adhere strictly to what is said in 276 Pa. Appellants are not aided in the slightest by this concession. The mother gives to each of these appellants the following: To Alice, her note dated July 1, 1913, held by the trustee for $100,000, and to Eliza, her note held by the same trustee for the same amount. Assuming, as appellants contend, that these notes were not binding and not proper charges against them, yet the mother considered them legal and binding, and as such gave them to her children. It would have been very much the same as though she had given them a certificate of stock having a face value in like sum that turned out to be worthless. When she divided "in such manner and in such proportion as she thought proper and advisable," the widow would have satisfied the requirements of her husband's will if she had given each one dollar. In addition to the notes mentioned, the mother makes a specific bequest to these two children in this language, "I give all other articles comprising my personal effects and the personal effects of the estate of Henry J. Bailey, deceased, including heirlooms and jewelry, to Alice Bailey Garland, Eliza Bailey Garland,

and others of the family." Here was a specific bequest of something from the estate. We do not write the wills that are before us, nor are we responsible for the omission of a supposed beneficiary, either totally or in the amount expected, nor can we correct such wills to suit their beliefs, nor, in these proceedings, can we redress the over-reaching that has been intimated, but of which there is not the slightest evidence in this record.

Appellants say the entire appointment is invalid because the mother selected persons outside the class, and if the ones selected were in the class, then others were omitted in the appointment. But the residuary clause gives everything to two children not here complaining. Appellants cannot raise these questions, for, if successful, they would not be benefited thereby. The attempt to limit this residuary clause to those legacies that might lapse, or not take effect, because of the death of the legatees, is untenable in view of the language in the residuary clause, which gives to those legatees "all of the above legacies that may lapse or not take effect for any reason."

We will now consider the objection to the agreement mentioned above, in that it was signed by appellants without any estate on which it could operate, their interest being at best but an expectancy, to be defeated if the mother should fail to appoint them to any part of the estate. In one breath they contend the father's direction is mandatory to give them some part of the estate which should be in equal shares; and in another, when faced with the agreement, they contend they have no interest but merely an expectancy liable to be defeated if the mother should choose not to give them any part of the estate. We need not discuss this matter further.

We conclude, as we did in 276 Pa., that the agreement is a binding obligation between the parties but could not control the widow's power of appointment—

her will, however, followed the terms of the agreement;
that the notes, as far as this record discloses, are binding,
and that the direction by the widow to return these notes
to these appellants as their share of the estate was a
proper exercise of the power of appointment, and that
the proper interpretation of this will under no circum-
stance would entitle these children to cash instead of
the notes.

We reaffirm what we said in 276 Pa., as quoted above.
The assignments of error are overruled, and the decree
of the court below is affirmed at the cost of appellants.