# Fidelity Title and Trust Co., Trustee, *v.* Garland et al., Appellants.

*Evidence — Written instruments — Parol evidence — Fraud — Promises—Affidavit of defense—Sufficiency.*

1. A breach of faith or of an agreement regarding the doing or refraining from doing something in the future, is not fraud of the kind that will admit of parol testimony to vary the terms of a written instrument.

2. In an action on a promissory note, an affidavit of defense is insufficient which is in effect an assertion that, although defendants signed their names to an obligation for the unconditional payment of money, there was in no event to be any liability on their part to pay.

Argued September 30, 1927. Before Moschzisker, C. J., Frazer, Walling, Simpson, Kephart, Sadler and Schaffer, JJ.

Appeal, No. 122, March T., 1927, by defendants, from order of C. P. Allegheny Co., Oct. T., 1926, No. 837, making absolute rule for judgment for want of a sufficient affidavit of defense, in case of Fidelity Title & Trust Co., trustee of estate of Henry J. Bailey, deceased, v. Robert Garland et al. Affirmed.

Assumpsit on promissory note. Before Rowand, J.

Rule for judgment for want of a sufficient affidavit of defense.

The opinion of the Supreme Court states the facts.

Rule absolute. Defendants appealed.

*Error assigned,* inter alia, was order, quoting record.

*A. L. Balter,* with him *W. A. Griffith,* for appellants. —The averments of the parol contemporaneous inducing agreement were competent and admissible for the purpose of showing the true consideration for the execution of the written agreement and note: Piper v. Queeney, 282 Pa. 135; Humbert v. Meyers, 279 Pa. 171.

The averments of such parol inducing agreement were competent and admissible to show a failure of consideration: Murray v. Flesher, 88 Pa. Superior Ct. 592; Cridge's Est., 289 Pa. 331.

Evidence is admissible of a parol inducing agreement providing for the payment of the note from a certain fund, or the raising of such fund for payment by means over which the former had control: Second Nat. Bank v. Yeager, 268 Pa. 167; Alexander v. Righter, 240 Pa. 22; First Nat. Bank of Pittston v. Lawall, 280 Pa. 407; Faux v. Fitler, 223 Pa. 568; Keller v. Cohen, 217 Pa. 522; Clinch Val. C. & I. Co. v. Willing, 180 Pa. 165.

Where the written agreement does not constitute the complete understanding between the parties, evidence

of a parol contemporaneous inducing agreement is admissible.

Evidence of a parol contemporaneous inducing agreement is admissible where the parol agreement is not the subject of the covenant in the writing nor inconsistent therewith.

*A. Leo Weil,* of *Weil, Christy & Weil,* for appellee.— The written agreement and the alleged parol agreement cover in detail the same subject-matter, and the law conclusively presumes that the whole engagement of the parties and the extent and manner of their undertakings were covered by the writings; the writings by themselves constitute a complete legal obligation: Gianni v. Russell, 281 Pa. 320; Wagner v. Marcus, 288 Pa. 579.

The representations alleged all go to the promise to do something in the future, or to refrain from doing something in the future, and are not representations of facts alleged to exist at the time of the making of the agreement; such representations do not constitute fraud: Wagner v. Marcus, 288 Pa. 579; Gianni v. Russell Co., 281 Pa. 320.

The expressions of opinion made contemporaneously with a writing do not constitute fraud.

OPINION BY MR. JUSTICE SCHAFFER, December 5, 1927:

This is an action of assumpsit to recover the amount due on a promissory note executed by defendants. The court below entered judgment for plaintiff for want of a sufficient affidavit of defense for the amount claimed and defendants have appealed.

The suit has its foundation in an agreement twice considered by us (Bailey's Est., 276 Pa. 147; Bailey's Est., 287 Pa. 478) in other aspects than that in which it is now to be viewed. The statement of claim sets forth the agreement signed by defendants in which they admit that the Garland Chain Company, a partnership of which they were members, was indebted to the Estate

of Henry J. Bailey in the sum of $190,384.47, representing loans made by the estate to the partnership. By the ninth paragraph of the agreement, it is provided that the Garland Chain Company shall convey to the Fidelity Title & Trust Company, as trustee, certain lands, and that upon such conveyance there shall be credited to the Chain Company, on account of its indebtedness, the sum of $100,000. The agreement recites that this leaves an unpaid balance of $90,384.47, for which the two defendants and Catherine G. Bailey are liable as partners. It releases her from the payment of her one-third of the indebtedness and stipulates that the defendants shall give to the trustee (plaintiff) their joint note for two-thirds of the sum due, payable in two years. It goes on to provide that the trustee shall endeavor to sell the property, and, if sale shall be made within two years, for such price as will net the estate more than $100,000, one-third of the excess shall belong to the estate and the other two-thirds thereof shall be applied on defendants' note. During the two years, it is provided that the property shall not be sold by the trustee unless the price to be realized is agreed to by defendants. It is recited in the statement of claim, and not denied, that defendants, in pursuance of the agreement, executed their joint note to plaintiff as trustee for $60,256.31. A copy of the note is appended to the statement with the usual averment that it is overdue and unpaid.

The affidavit of defense admits that defendants were partners in the Garland Chain Company and that it was indebted to the estate of Henry J. Bailey in the sum named in the agreement; that the conveyance set forth in the agreement was made to the plaintiff as trustee pursuant to its terms. It is averred however that the conveyance was made under a parol agreement between all the parties to the written one, including plaintiff, entered into before and at the time of the execution of the writing, and reaffirmed at the time of the execution of the note, the terms of which parol

agreement formed the inducing cause for the execution of the written one and the note. By the terms of the alleged parol agreement, it is said the understanding was that there should be transferred to Catherine Graydon Bailey by the estate of Henry J. Bailey a certain tract of land to be sold by her, the proceeds to be devoted to the payment of her indebtedness to the Chain Company and others; that the property to be transferred by defendants to plaintiff as trustee was to be held for the purpose of protecting the estate in respect to the indebtedness due by the Chain Company; that plaintiff was to sell and dispose of this property within a reasonable time so that not only would the $100,000 credited on the note be liquidated, but a surplus be obtained to be used in adjusting the remainder of the indebtedness of defendants to the estate. It is stated that it was understood that the $60,-256.31 note executed by defendants was given to plaintiff as a matter of convenience for plaintiff's accounting purposes only: "That it was further understood and agreed that the face amount of said note, executed by [defendants] was to be nominal only; that at no time and in no event was plaintiff to either make demand upon them or bring suit against [defendants] on the agreement or the note, it having been agreed that the value of the real estate conveyed to plaintiff was such that a sale thereof would be sufficient not only to pay the entire indebtedness of the Garland Chain Company to the estate but also give [defendants] a surplus which could be used in the adjustment of all other indebtedness owing by them to the estate." The affidavit of defense further averred that it was agreed by Catherine Graydon Bailey and so understood and agreed by all other parties, including plaintiff, that she would so exercise a power of appointment conferred on her by the will of Henry J. Bailey as to divide the residue of his estate equally among his six children, two of whom are wives of defendants. It was set up that the terms of the

parol agreement were omitted from the written one because of the fraud of plaintiff and Catherine Graydon Bailey, the fraud consisting of representations made by the duly authorized agents of plaintiff (naming them) that it was not necessary to incorporate the provisions of the parol agreement in the written one, that the written agreement contained full provision for carrying out the matters orally agreed upon and that an insertion in the written agreement of all details of the oral understanding would interfere with the efforts of the trustee to dispose of the property conveyed to it, and by reason of other representations that defendants and their wives would be taken care of in the final adjustment of the Henry J. Bailey estate upon a basis of equality with his other children. It was set forth that in violation of the parol understanding Catherine Graydon Bailey had transferred to her daughter the property which had been conveyed to her, the proceeds of which she had undertaken to devote to the payment of her indebtedness to the Chain Company, and also that she had prior to her death made a will devising the residuary estate of Henry J. Bailey to two of her daughters, instead of to all six of them, including therein the wives of the defendants. Defendants set up a counterclaim alleging that they had been damaged to an amount greater than sued for by the sale for an inadequate price of the property which had been conveyed to plaintiff.

As is pointed out by the court below, in no place in the affidavit of defense do the defendants deny the debt. The conveyance of the real estate was made and accepted on account of it and the balance was secured by their promissory note here in suit. Defendants' interest in the proceeds of a sale of the real estate was limited by the written agreement to a period of two years, which had long since expired.

The frauds alleged in the affidavit consist of promises said to have been made to do certain things in the future or to refrain from doing certain things. We determined

in First Natl. Bank of Hooversville v. Sagerson, 283 Pa. 406, that a breach of faith or of an àgreement regarding the doing or refraining from doing something in the future is not fraud of the kind that will admit of parol testimony to vary the terms of a written contract.

The position upon which defendants plant themselves is that the parol contemporaneous inducing agreement which they set up, can be received in evidence for the purpose of showing what they allege to be the true consideration for the execution of the written agreement and note, and that it is competent and admissible as showing a failure of consideration. They assume this position upon the mistaken belief that such cases as Piper v. Queeney, 282 Pa. 135; Humbert v. Myers, 279 Pa. 171; Cridge's Est., 289 Pa. 331, and the cases cited therein aid them and stand for the general proposition that parol evidence is always admissible to show the true consideration for the execution of any writing. The argument is ingenious but is out of place here. This action is on a promissory note and the net result of defendants' elaborate defense, which we have gone to the pains to set forth at length, despite the manifest irrelevancy of most of it to the issue between the parties, is an attempt to say that, although they signed their names to an obligation for the unconditional payment of a large sum of money, there was to be in no event any liability on them to pay. Our decisions in First Natl. Bank of Hooversville v. Sagerson, 283 Pa. 406, and Second Natl. Bank of Reading v. Yeager, 268 Pa. 167, and our approval of those decisions in other opinions demonstrate that this cannot be done any more than any other contract can by parol evidence be rendered a nullity: Evans v. Edelstein, 276 Pa. 516.

The defense offered by appellants is unavailing and the court below properly entered judgment for plaintiff.

The judgment is affirmed.