## Bailey's Estate.    Garlands' Appeals.

Argued December 3, 1928.    Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, SADLER and SCHAFFER, JJ.

*W. A. Griffith,* of *Griffith, Truxall & Pruger,* for appellants.—The case in 291 Pa. 297, was not before this court upon its merits, but upon the technical question whether the affidavit of defendant filed in the lower court was insufficient to entitle defendants to a trial by jury.

Under the law it seems to be that a decision is not res judicata except where the case has been tried upon its merits.

Wherever possible, it is the duty of the court to preserve to litigants their constitutional right of trial by jury.

*A. Leo Weil,* of *Weil, Christy & Weil,* for appellee.— The Bailey Estate has been before this court at 276 Pa.

147; 287 Pa. 478; 291 Pa. 297, and 291 Pa. 421. Every question raised on this appeal has been definitely decided by this court against appellants' contentions in the case of Fidelity Title and Trust Co., Trustee, v. John W. Garland and Robert Garland, 291 Pa. 297.

OPINION BY MR. JUSTICE WALLING, January 7, 1929:

Henry J. Bailey, of Pittsburgh, died testate in December, 1903, leaving an estate of about seven hundred thousand dollars. His last will makes his widow, Catherine Graydon Bailey, trustee and life beneficiary of his estate, with power by her last will to divide the same among their issue according to her discretion. He also conferred upon her full power to sell any or all of his real estate. The widow acted as such trustee for nearly ten years during which she made such improvident loans to members of the family as to imperil the estate. In view of this the widow and the seven children in 1913 entered into a family agreement, by virtue of which certain of the children undertook in a specified manner to reimburse the estate for prior loans. Two of the sons-in-law, John W. Garland and Robert Garland jointly owed the estate $190,384.47. To liquidate this they agreed to and did convey to the Fidelity Title and Trust Company (it succeeding Mrs. Bailey as trustee), subject to a $54,000 mortgage, seven hundred and twenty-nine acres of land in Indiana and Hampton Townships and two other parcels of land in Swissvale and Edgeworth, all in Allegheny County. For these conveyances the Garlands were to and did receive a credit of $100,000 upon the indebtedness above stated. The agreement stipulated that this property should not be sold within two years for a price not satisfactory to the Garlands and if sold during that period they should have the benefit of any price obtained in excess of the $100,000. It was not sold during the two years nor for several years thereafter. Later, Mrs. Bailey died, having previously made a will by which she exercised the power of appoint-

ment contained in the will of her husband and made such division of the estate among their issue as she saw proper.

As a part of the family settlement, John W. and Robert Garland gave a note to the estate for $60,256.31. In 1926 suit was brought on this note in the Court of Common Pleas of Allegheny County, to which the Garlands set up as a defense losses they claimed, largely in excess of the amount of the note in suit, by reason of the negligent and improvident sale of the land in question by the trustee. The trial court, holding that the Garlands' interest in this land expired at the end of the two-year period stated in the family agreement, entered judgment for the plaintiff, which, on appeal, was affirmed by this court in a comprehensive opinion by Mr. Justice SCHAFFER. See Fidelity T. & T. Co., Trustee, v. Garland et al., 291 Pa. 297.

Thereafter the trustee filed its sixth and final account in the orphans' court, to which John W. and Robert Garland filed exceptions, averring that accountant should be surcharged with $413,000 lost by an improvident sale of the 729 acres of land, and with $6,500 for a like sale of the lot at Edgeworth. The orphans' court dismissed these exceptions on the ground that after the expiration of the two-year period the exceptants had no interest in the land in question, and that the matter was res judicata; from which, John W. Garland and Robert Garland, the exceptants, brought these appeals. In the above cited case in 291 Pa. 297, it was definitely determined that appellants had no interest in the land in question after the expiration of the two years. That settled the matter and should have ended the litigation. The appellants practically concede the question is res judicata, but ask us to modify that decision, which we have no just right or inclination to do. The letters, etc., which exceptants sought to introduce in the orphans' court, were ineffective on the controlling issue of res judicata. In addition to the above, an examination of

Bailey's Est., 291 Pa. 421, of Bailey's Est., 287 Pa. 478, and of Bailey's Est. (No. 1), 276 Pa. 147, will disclose that about every possible phase of that estate has been litigated to the limit. We will not further extend the discussion.

The decree is affirmed and appeal dismissed at the cost of appellants.