## Home Building & Savings Co. v. Ruthrauff, Appellant, et al.

238

Argued December 7, 1928. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ.

*Randolph W. Childs,* with him *Paul Van Reed Miller,* for appellant.—The contract was ambiguous and the defendant's offer of proof should have been received to explain its ambiguity: Selden v. Williams, 9 Watts 9; Foster v. McGraw, 64 Pa. 464; Swigert v. Hartzell, 20 Pa. Superior Ct. 56; Easton Power Co. v. Ry. Supply Co., 22 Pa. Superior Ct. 538.

Defendant's evidence should have been received for the purpose of proving a contemporaneous oral contract which was the inducing cause of the contract: Greenawalt v. Kohne, 85 Pa. 369; Hoopes v. Beale, 90 Pa. 82; Clinch Val. Coal & Iron Co. v. Willing, 180 Pa. 165; Schweyer v. Walbert, 190 Pa. 334; Humbert v. Meyers, 279 Pa. 171; Gandy v. Weckerly, 220 Pa. 285; Alexander v. Righter, 240 Pa. 22; Forcite Powder Co. v. Howley, 40 Pa. Superior Ct. 412.

*James McMullan,* with him *Charles J. Biddle,* for appellee.—The contract is not ambiguous.

Appellant's offer to prove a parol contemporaneous inducing contract to contradict flatly the terms of the written contract was properly refused: Gianni v. Russell & Co., 281 Pa. 320; Hooverville Bank v. Sagerson, 283 Pa. 406; Wagner v. Marcus, 288 Pa. 579; Fidelity T. & T. Co. v. Garland, 291 Pa. 297; Popper v. Rosen, 292 Pa. 122.

Appellant did not offer to prove the alleged parol agreement by clear, precise and indubitable evidence: Hill v. Smith, 75 Pa. Superior Ct. 340; Dixon v. Minogue, 276 Pa. 562; Kline v. Fitzgerald, 267 Pa. 468.

OPINION BY MR. JUSTICE SCHAFFER, January 28, 1929:

Plaintiff brought an action of assumpsit on a written contract, whereby defendant promised to repay a loan of $6,000 with interest. The signing of the contract is admitted. It is also admitted that certain payments were made which reduced the principal amount of the debt to $5,000. At the trial plaintiff offered in evidence the written contract and certain paragraphs of the statement of claim, which were admitted, and rested. Counsel for defendant then offered to prove that defendant was induced to sign the contract by reason of a contemporaneous oral agreement that, after the payment of $1,000 on account of principal, he was to be relieved from further personal liability and not to be required to pay anything more than the interest on the balance, and that plaintiff's sole remedy was to be a proceeding to foreclose the mortgage given as security for the debt. This offer was objected to, and the objection was sustained. In obedience to the charge of the court, the jury returned a verdict in favor of plaintiff for the full amount of its claim. Defendant has appealed.

The principal argument advanced by appellant to support his offer of proof is that the writing was ambiguous, and hence the evidence included in his offer should have been admitted to explain this ambiguity. The contract, which was similar to those employed by building and

loan associations in this State, reads as follows: "Received as a loan from The Home Building and Savings Company, of Zenia, Ohio, the sum of Six Thousand Dollars, which sum I agree to repay with six per cent. interest thereon, payable weekly as follows:—I hereby subscribe for 60 shares of stock in said Company, of one hundred dollars each, Book No. ——, and I agree to pay said Company monthly, not less than 60 Dollars." Then follows a provision that these monthly payments were to be applied, first, to the payment of any fines or assessments made in accordance with the by-laws of the company; second, to the payment of interest due on the loan; and third, to the payment of the stock subscription. The contract also contained the usual provision for the assignment of the stock to the company as security, and an authority to withdraw the stock when it became fully paid or in the case of failure to make the payments above described for a period of eight weeks, and apply the proceeds to the payment of the loan, interest, or assessments. Finally, just before the signature, the following sentence relied upon by appellant was added by handwriting: "It is agreed that payments be made on this contract at rate of $50 per month until [sic] $1,000 paid then interest paid semiannually."

Appellant contends that the sentence just quoted abrogated the earlier provisions for the payment of $60 per month, and that the effect of this was to leave open the question of further payments upon the principal amount after it had been reduced to $5,000. Plaintiff, on the other hand, assumed the position that the contract taken as a whole is perfectly clear, and that it provides for the payment of $50 per month in addition to the regular payment of $60 until the principal should be reduced by $1,000, after which the time of the interest payments was to be changed.

We are not here concerned with the question of the amount of the monthly payments appellant was required to make under his contract. Whether or not the writ-

ing was ambiguous in this respect is not material in the case presented by the record now before us. The issue before the court and jury was whether appellant owed the unpaid balance of the loan. In our opinion there was no ambiguity in the contract on this point. Appellant clearly agreed to repay the amount of the loan, and there is nothing in the writing which relieves him of this obligation.

The oral agreement referred to in the offer of proof was clearly inconsistent with the express terms of the written instrument. Under the rule which we announced in Gianni v. Russel & Co., 281 Pa. 320, and which has been strictly adhered to in our later cases, such evidence was inadmissible: see also Fidelity Title & Trust Co. v. Garland, 291 Pa. 297. It follows that the ruling of the learned trial judge was correct, and that the judgment must be affirmed.

Judgment affirmed.