## Laurel Hill Collieries, Inc., *v.* Benjamin, Appellant.

Argued January 26, 1931. Before FRAZER, C. J., WALLING, SIMPSON, KEPHART and SCHAFFER, JJ.

*T. A. Donahoe,* with him *Ralph W. Rymer,* for appellant.

*Edward W. Warren,* with him *Reese H. Harris,* of *Knapp, O'Malley, Hill & Harris,* for appellee.

PER CURIAM, March 16, 1931:

Judgment for want of sufficient affidavit of defense was awarded plaintiff in its action of assumpsit to secure payment of a promissory note. Defendant appeals.

Plaintiff colliery company entered into a contract with defendant on May 6, 1921, to take out coal from its mine. A few months later a third party proposed to purchase the mine, but without liability for defendant's contract. Defendant, acting as agent for this sale, on commission, was equally interested with plaintiff in consummating the transaction, and together they executed a written agreement which, after setting forth in detail the terms under which their contract for removal of the coal should be abrogated, states: "The said Sol Benjamin, party of the second part herein, agrees to release and discharge the party of the first part herein of and from all its obligations under its said agreement of May 6, 1921, and supplement thereto." The promissory note, the basis of this action, was given as part of the settlement terminating the contract. At the end of four months, when the note matured, payment was refused, and upon suit

being instituted defendant set up as a defense (1) a set-off due under the coal contract, which he alleges was "omitted" in the settlement, and (2) also an earlier oral agreement to make adjustments in addition to the written contract.

We recently said in Nick et al. v. Craig et al., 301 Pa. 50, 56, that where "there is neither averment nor proof that anything was omitted from or added to the [written] agreement by fraud, accident, or mistake,......it must be construed exactly as it is written, and all prior negotiations as to its terms must be considered as merged in it." These words apply to the claims made by defendant, who offers neither averment nor proof of fraud, accident, or mistake in the agreement terminating his contract. A long line of cases adhere to this rule (Citizens' Nat. Bank v. Wisecarver, 300 Pa. 60, 63, and cases there cited) refusing to allow an oral agreement to void the express terms of a written instrument. See also Home B. & S. Co. v. Ruthrauff, 295 Pa. 237, 241.

The judgment is affirmed.