Third National Bank and Trust Company of
Scranton *v.* Rodgers, Appellant.

Argued January 24, 1938.  Before KEPHART, C. J.,
SCHAFFER, MAXEY, DREW, LINN, STERN and BARNES, JJ.

*Peter L. Walsh,* of *Walsh & Fadden,* for appellant.

*Joseph F. Gunster,* of *Gunster, Mackie & Murphy,* for
appellee, was not heard.

OPINION BY MR. JUSTICE BARNES, March 31, 1938:

This action of assumpsit is upon a promissory note executed by defendant and delivered by him to the plaintiff bank on February 1, 1933.

The transaction giving rise to the note occurred in 1925. In April of that year, one R. C. H. Rupp was indebted to the bank upon several promissory notes totaling $79,200, which were collaterally secured by the deposit of shares of stock of an automobile manufacturing corporation, called the Maccar Truck Company, together with other collateral. On April 13, 1925, an arrangement was made with the bank for the substitution of three promissory notes of $26,400 each to be held in lieu of the Rupp notes. Rupp himself executed one of these notes, another was made by the defendant, while the third was made by a Mr. Charles W. Trexler. Each note was endorsed by Maccar Sales Corporation, and by Maccar Truck Sales Company. These two corporations were selling agencies of the Maccar Truck Company, in the cities of Scranton and Wilkes-Barre. Each of the notes was secured by one-third of the identical collateral which the plaintiff bank had held as security for the Rupp notes.

The note executed by defendant was renewed four times, as follows: on October 31, 1925, for $26,200; on February 26, 1927, for $25,600; on September 1, 1927, for $25,423.04, and on February 1, 1933, for $21,-183.61. This last note was subsequently reduced to $20,-863.05, the amount for which suit was instituted. The fact is not disputed that all payments in reduction of the notes were made by the two sales companies appearing as the endorsers upon the renewal notes.

The defendant admits the delivery of the note, but denies all liability thereon. He says that when he executed the original note of April 13, 1925, the president of the plaintiff bank promised him that he would not be called upon to pay the note, as the bank would look solely to the sales companies for all payments due. Defendant

also asserts that there was no consideration received for making the original, or any renewal note.

At the close of the trial a verdict was directed for the plaintiff in the amount of $24,114, the balance due on the note with interest. The defendant's motion for a new trial was refused by the court below, and judgment was entered upon the verdict. Defendant thereupon appealed from the judgment.

We are of opinion that the trial judge properly directed a verdict in favor of plaintiff. The contention of defendant that he signed the note in reliance upon the promise that he would not be called upon for its payment is without merit. It has been settled in this state that a person who executes and delivers a written obligation may not thereafter escape responsibility by averring that it was not intended that he was to be held liable thereon. It is sufficient to call attention to the following cases upon this question: *Gianni v. Russell & Co.,* 281 Pa. 320; *First National Bank of Hooversville v. Sagerson,* 283 Pa. 406; *Speier v. Michelson,* 303 Pa. 66; *Germantown Trust Company v. Emhardt,* 321 Pa. 561.

It cannot be held that the note lacked a consideration. While defendant may have given the note at the request of the president of the bank, the plaintiff unquestionably parted with something of value in surrendering the Rupp notes for $79,200, and accepting the three notes described above, in release of the Rupp obligation. It is well settled that consideration may be a detriment to the promisee as well as a benefit to the promisor. In *York Metal & Alloys Co. v. Cyclops Steel Co.,* 280 Pa. 585, it was said at page 589: " 'There is consideration if the promisee, in return for the promise, does anything legal which he is not bound to do, or refrains from doing anything which he has a right to do, whether there is any actual loss or detriment to him or actual benefit to the promisor or not': 13 C. J. 316. 'Refraining from bringing a suit may furnish a consideration. The actual

forbearance, or the promise to forbear, to prosecute a claim on which one has a right to sue is universally held to be a sufficient consideration': 13 C. J. 344." See also *Hind v. Holdship*, 2 Watts 104; *Pittsburgh Stove & Range Co. v. Pennsylvania Stove Co.*, 208 Pa. 37; *Weigand v. Standard Motor Co.*, 109 Pa. Super. Ct. 256.

The record discloses no reversible error.

Judgment affirmed.