## Lycoming Trust Company, to use, *v.* Smithgall, Appellant.

Argued January 16, 1939. Before SCHAFFER, MAXEY, DREW, LINN, STERN and BARNES, JJ.

*H. Swank Phillips,* with him *Michael J. Maggio,* for appellant.

*John B. Cupp,* with him *John E. Cupp* and *Clyde E. Williamson,* for appellee.

OPINION BY MR. JUSTICE SCHAFFER, March 22, 1939:

This is an action by the holder of a promissory note for $2,378.47 against the endorser, who was also payee. The endorsement was not in the ordinary form, but appeared on the back of the note thus: "For value received . . . hereby waive presentment, demand for payment and notice of dishonor of the within note, assign the same to Lycoming Trust Company and guarantee the payment thereof at maturity." On the trial the jury rendered a verdict for defendant. Subsequently, the court entered judgment for plaintiff non obstante veredicto.

The defense was that the note was obtained by fraud and was, therefore, void. To show the alleged fraud it is contended parol evidence was admissible. Defendant testified, over objection, that he was requested to endorse the note by Williams, the maker of it; that he refused, because the maker was without financial responsibility; that, following his refusal, Williams came to him accom-

panied by Mitchell, the vice-president and treasurer of the Lycoming Trust Company, who, defendant says, assured him if he would sign the note, it would not cause him any trouble, that there was stock pledged with the note which would take care of it, that the stock was in good standing and that it was worth the face of the note, that it was an accommodation note and by signing it he was accommodating the trust company, and that he, defendant, would never be called upon to pay the note. It is asserted that the stock was not then worth the amount of the note and had declined in value and was then worth only about one-half the amount of the note. It was subsequently sold for $119.92. The statements attributed by defendant to Mitchell were all denied by the latter. The defense was unavailing under all our more recent cases, such as *First Nat. Bank of Green Castle v. Baer,* 277 Pa. 184, 120 A. 815; *Gianni v. Russell & Co., Inc.,* 281 Pa. 320, 126 A. 791; *First Nat. Bank of Hooversville v. Sagerson,* 283 Pa. 406, 129 A. 333; *Fidelity Title & Trust Co. v. Garland,* 291 Pa. 297, 139 A. 876; *Hein v. Fetzer,* 301 Pa. 403, 152 A. 388; *Speier v. Michelson,* 303 Pa. 66, 154 A. 127; *Third Nat. B. & T. Co. v. Rodgers,* 330 Pa. 523, 198 A. 320.

In stating that the stock pledged was worth as much as the note, if he did so state, Mitchell was simply expressing an opinion, which might or might not be correct. Defendant, who was a bank director, had the opportunity to ascertain the fact for himself. There was no fraud in the statement that Mitchell made: *Klerlein v. Werner,* 307 Pa. 16, 160 A. 719; *Moore v. Steinman Hardware Co.,* 319 Pa. 430, 179 A. 565.

Defendant largely relies upon the case of *Gandy v. Weckerly,* 220 Pa. 285, 69 A. 858. That case is no longer authority under such facts as here appear: *Speier v. Michelson,* supra.

Judgment affirmed.