## Western Savings and Deposit Bank *v.* Sauer, Appellant.

Argued October 3, 1941. Before SCHAFFER, C. J., MAXEY, DREW, LINN, STERN and PATTERSON, JJ.

*Harold K. Brooks,* with him *Robert H. Ireland,* for appellant.

*Joseph R. Doherty* and *Thomas D. McCloskey,* of *Mc-Closkey, Best & Leslie,* for appellee, were not heard.

OPINION BY MR. JUSTICE DREW, November 24, 1941:

This is an action of assumpsit by the Western Savings and Desposit Bank of Pittsburgh upon a negotiable promissory note endorsed by Frederick C. Sauer, defendant, dated November 13, 1933. Plaintiff Bank moved for judgment for want of a sufficient affidavit of defense and supplemental affidavit of defense. After argument, the learned court below granted the motion and ordered the entry of judgment against defendant, and from the judgment so entered defendant appealed.

Considering every material averment made by defendant as being admitted by plaintiff, the facts are: The note in suit was executed by Kate Richard and was made payable to the order of defendant who endorsed it in blank. It was delivered to plaintiff Bank and was given "for the unpaid balance" and "to cover the unpaid balance" of a promissory note executed on January 19, 1931, by J. F. Richard, the husband of Kate Richard, who died on September 17, 1931. Defendant averred that the original note was endorsed by him at the request of the president of the Bank to accommodate the Bank, and

in reliance on a representation that it would be paid out of funds J. F. Richard had on deposit with the Bank. It was alleged that, on several occasions, there were sufficient funds on hand to pay this note in full. The Estate of J. F. Richard was insolvent and plaintiff induced Kate Richard, after the note of her husband became due, to execute the note in suit. Defendant maintains that he also endorsed this note for the sole accommodation of the Bank.

It was admitted by defendant that his endorsement of the notes for the accommodation of the Bank is not available to him as a defense. That such fact does not constitute a defense was clearly pointed out in the opinion of the court below where it was said: "A person who executes an obligation 'for the accommodation of the bank' does so for the unlawful purpose of deceiving the creditors, stockholders, or depositors of the bank and the bank examiner who is acting for them. The courts will not relieve him of the consequences of his fraudulent act but will 'leave him bound who has bound himself': *Bangor Trust Co. v. Christine,* 297 Pa. 64; *Third National Bank v. Rodgers,* 330 Pa. 523." *Lycoming Trust Company v. Smithgall,* 334 Pa. 4.

By his own admission, defendant has shown that there is no merit in his second defense—want of consideration for the note in suit. He concedes that he was under a legal obligation to pay the original note. In section 25 of the Negotiable Instruments Act of May 16, 1901, P. L. 194, it is provided that value "is any consideration sufficient to support a simple contract. An antecedent or pre-existing debt constitutes value." That an antecedent or pre-existing debt constitutes value for a renewal note cannot be questioned: *Third N. B. & T. Co., Scranton v. Rodgers,* 330 Pa. 523; *Rathfon v. Locher,* 215 Pa. 571; *Vineland Nat. B. & T. Co. v. Kotok,* 129 Pa. Superior Ct. 309; Brannon, Negotiable Instruments Law (6th ed.) 397, 446 et seq. Thus, defendant did receive consideration for his endorsement and his

averment that he signed for the accommodation of the Bank is refuted. He merely endorsed the new note instead of paying the old one.

There is no merit in defendant's other contention that the Bank should have paid the original note out of funds of Richard in the Bank since there is no allegation that Richard had any funds in the Bank at the time the note matured. Since defendant was bound in any event and the judgment must be affirmed, it is unnecessary to pass upon the question of the liability of the widow as maker of the note in suit.

Judgment affirmed.