## Hempt et al. v. South Orange Trust Company

*Herbert O. Schaeffer*, for plaintiff.

*John B. Pearson*, for defendant.

RUPP, J., February 2, 1948.—This matter comes before us on preliminary objections to an amended complaint.

Plaintiff, a partnership with its principal office in Camp Hill, Cumberland County, Pa., sued in assumpsit to recover $4,638.90, with interest thereon from July 15, 1945, from defendant, the South Orange Trust Company of South Orange, New Jersey, upon an alleged oral agreement hereinafter set forth.

The amended complaint avers that on or about November 15, 1943, Whitehall Construction Corporation, a Pennsylvania corporation, entered into a contract with Penn-Roosevelt, Inc., a Pennsylvania cor-

poration, to build for the latter, on land owned by it, 144 dwelling units at Seventh and Division Streets, in the City of Harrisburg, Dauphin County, Pa.; that on the same day Penn-Roosevelt, Inc., gave a mortgage of $625,000 to defendant, secured by the land upon which the said dwelling units were to be erected, and to attach to said dwelling units when erected; that during the latter part of 1944 or in January 1945, Whitehall Construction Corporation notified Penn-Roosevelt, Inc., and defendant that it would not complete construction of said dwelling units at the contract price and suspended construction; that in the month of January 1945 defendant, by and through F. R. Steyert, president, and Harry J. Ries, vice president, having authority so to do, "in order to protect its advancement of mortgage funds in said dwelling units, agreed orally with Penn-Roosevelt, Inc., that it, defendant, would pay all creditors of said Whitehall Construction Corporation and Penn-Roosevelt, Inc., for labor and material furnished or to be furnished in the construction or completion of said dwelling units"; that in connection therewith Penn-Roosevelt, Inc., caused to be assigned to said defendant all of its assets, together with assets of Roosevelt Park, Inc., and Seaboard Construction Company, over which the officers of Penn-Roosevelt, Inc., had control; and that Whitehall Construction Corporation completed the said dwelling units.

The complaint also avers, in the alternative, that the alleged oral agreement of January 1945, supra, was made with Whitehall Construction Corporation, and that in connection therewith Whitehall Construction Corporation caused to be assigned to the defendant all of its assets, together with assets of Penn-Roosevelt, Inc., Roosevelt Parks, Inc., and Seaboard Construction Company, corporations over which the officers of Whitehall Construction Corporation had control; and that relying upon its agreement with defendant, Whitehall

Construction Corporation completed the construction of said dwelling units.

The complaint further avers that, as to the alternative pleadings regarding the alleged oral agreement for the payment of creditors, and regarding the assignments, supra, the exact relationship between defendant and Penn-Roosevelt, Inc., Roosevelt Park, Inc., Seaboard Construction Company and Whitehall Construction Corporation "existing at the time the cause of action arose was not definitely known to anyone but themselves, and the facts surrounding these transactions and this relationship are peculiarly within the knowledge of defendant and the officers of the aforesaid corporations and for this reason plaintiff is doubtful as to the particular facts which can be established on trial"; that plaintiff furnished and delivered ready mixed concrete at the special instance and request of Whitehall Construction Corporation in the completion of said project of constructing 144 dwelling units, for and at the price of $4,638.90, which said price was the just and reasonable price and the price agreed upon for the same, no part of which has ever been paid.

Defendant's preliminary objections are:

(1) That the alleged oral agreement lacked consideration;

(2) That the alleged oral agreement was not made for the benefit of plaintiff, hence plaintiff cannot enforce it;

(3) That plaintiff is attempting to establish a mechanic's lien, in violation of the Mechanic's Lien Law; and

(4) That the enforcement of the alleged oral agreement would be contrary to public policy, in that it would jeopardize the security of mortgage liens.

Defendant's first objection is based on the contention that the completion of the dwelling units cannot be construed as consideration for the alleged oral

agreement. It alleges that under the mortgage given it by Penn-Roosevelt, Inc., the latter was legally bound to finish the project and that under its original contract with Penn-Roosevelt, Inc., the Whitehall Construction Corporation was legally bound to do so. Thus, irrespective of which of the two companies entered into the alleged oral agreement, the fulfillment of the above obligation does not constitute a valid consideration.

This contention does not take into consideration the alternative averments with respect to the assignments made by Penn-Roosevelt, Inc., or the Whitehall Construction Corporation.

In 1 Williston on Contracts §102, it is said:

"The requirement ordinarily stated for the sufficiency of consideration to support a promise is . . . a detriment incurred by the promisee or a benefit received by the promisor at the request of the promisor."

And a test of "good consideration" is whether the promisee, at the instance of the promisor, has done, forborne, or undertaken to do anything real, or whether he has suffered any detriment, or whether in return for the promise, he has done something that he was not bound to do, or has promised to do some act, or has abstained from doing something: Bush v. Atlas Automobile Finance Corp., 129 Pa. Superior Ct. 459 (1937); Third National Bank and Trust Co. of Scranton v. Rodgers, 330 Pa. 523 (1938); Hillcrest Foundation, Inc., v. McFeaters, 332 Pa. 497 (1938); Stelmack et al. v. Glen Alden Coal Co., 339 Pa. 410 (1940); Esakovich v. Groudine, 141 Pa. Superior Ct. 365 (1940).

Certainly, in making the alleged assignments either company was doing something it was not legally bound to do and was suffering a detriment to itself. And we find no merit in defendant's assertion that the assignments cannot be accepted as consideration since the pleadings aver they were made "in connection" with

the agreement rather than "in consideration of" the agreement.

In reply to defendant's second objection, plaintiff avers that under the alleged oral agreement it is a third-party beneficiary, or a creditor beneficiary, and thus is entitled to enforce it. We agree.

Section 133 of A. L. I. Restatement of the Law of Contracts reads, in part:

"(1) Where performance of a promise in a contract will benefit a person other than the promisee, that person is . . .

"(b) a creditor beneficiary if no purpose to make a gift appears from the terms of the promise in view of the accompanying circumstances and performance of the promise will satisfy an actual or supposed or asserted duty of the promisee to the beneficiary, . . .

Illustration 9 under the above subsection is as follows:

"B promises A for sufficient consideration to pay whatever debts A may incur in a certain undertaking. A incurs in the undertaking debts to C, D and E. If, on a fair interpretation of B's promise, the amount of the debts is to be paid by B to C, D and E, they are creditor beneficiaries; . . .

Section 139 of the restatement reads, in part:

"It is not essential to the creation of a right . . . in a creditor beneficiary that he be identified when a contract containing the promise is made."

See, also, Howes v. Scott, 224 Pa. 7 (1909).

Clearly, under defendant's averred promise to "pay all creditors of said Whitehall Construction Corporation and Penn-Roosevelt, Inc., for labor and material furnished or to be furnished in the construction or completion of said dwelling units", plaintiff is a creditor beneficiary within the meaning of the above definition and illustration.

In Pennsylvania, the rights of third-party beneficiaries with respect to the enforcement of contracts have

been established by Commonwealth v. Great American Indemnity Co., 312 Pa. 183 (1933).

There, the Great American Indemnity Company was surety for the Nelson-Pedley Construction Company on a construction bond, the condition of which was such that the obligor not only agreed that the contractor would fully perform his contract according to its terms, but would also "pay all lawful claims of subcontractors, materialmen and laborers for labor performed and materials furnished in the carrying forward, performing or completing of said contract". The Commonwealth sued the surety to recover on the bond for the loss sustained by it by reason of the contractor's breach of contract. Certain subcontractors and materialmen intervened and filed statements of claim in the name of the Commonwealth, to their use, seeking to recover on the same bond the amounts allegedly due them by the construction company for work done and materials furnished by each of them in the completion of the contract.

On appeal from judgments for use-plaintiffs the main question was whether the surety was liable to the subcontractors and materialmen. The Supreme Court held the subcontractors and materialmen were donee beneficiaries and each could maintain an action on the bond, although they were not parties to the bond and gave no consideration for the promise to secure payment to them.

In so doing the court conceded that, up to that point, the applicable authorities in this State could not be reconciled, but held that thenceforth it would adhere to the rule as set forth in the restatement, thus joining the majority of "sister States" in which it had long been enforced.

The court said (p. 190) :

"The last of our cases on this point is Concrete Products Co. v. United States Fidelity & Guaranty Co., 310 Pa. 158, decided less than six months ago, where a

recovery was allowed although no statute authorized the bond, and plaintiff was not an obligee in it. In an opinion by Mr. Justice Maxey, we quoted with approval from an article by Professor Arthur L. Corbin of the Yale Law School, in which he said (Selected Readings on the Law of Contracts, page 668) : 'We should now start with the general proposition that two contracting parties have power to create rights in a third party. This has long been a general rule; it is not an "exception." "Privity" is not necessary; the third party need not be a "promisee," nor need he give consideration. . . . The third party has an enforceable right if the surety promises in the bond, either in express words or by reasonable implication, to pay money to him. . . . [page 669] In the case of a surety bond for the payment of money, if there is a promise to pay money to an ascertainable person, the fact that he is a third person who gave no consideration for the promise does not prevent him from enforcing it . . . [page 677]. . . .' "

See, also, Pittsburgh v. Parkview Construction Co. et al., 344 Pa. 126 (1942) ; Williams v. Paxson Coal Co., 346 Pa. 468 (1943) ; Pennsylvania Supply Co. v. National Casualty Co., 152 Pa. Superior Ct. 217 (1943).

The fact that here an oral agreement rather than a surety bond is involved does not alter the situation. Suffice it to say that plaintiff, an alleged creditor of the Whitehall Construction Corporation which furnished material in the completion of the project, has an enforcible right against defendant by virtue of the latter's averred promise to pay all such creditors.

We have considered the remaining objections to the amended complaint but find no merit in them.

And now, February 2, 1948, the preliminary objections are hereby dismissed and defendant is directed to file an affidavit of defense to the amended complaint within 15 days.