## Crown *v.* Cole et ux., Appellants.

Argued November 16, 1967. Before ERVIN, P. J., WATKINS, MONTGOMERY, JACOBS, HOFFMAN, and SPAULDING, JJ. (WRIGHT, J., absent).

*Charles R. Wieland,* with him *Hirsch, Weise & Tillman,* for appellants.

*Harry N. Sydor,* with him *Bagley, Sydor & Heck,* for appellees.

Opinion by Montgomery, J., December 14, 1967:

In this action of assumpsit plaintiff-appellees seek the return of $1,500 paid under the terms of a written agreement dated March 22, 1960, entered into with William R. Cole and wife, two of the defendants, and the only appellants, for the purchase of real estate situate in the Borough of Crafton, Allegheny County, Pennsylvania; and in addition, to recover the value of furniture placed on said premises by appellees and, allegedly, wrongfully disposed of by the defendants. The other defendant, G. L. Clemente, trading as the Robin Realty Company, is not an appellant.

Following a nonjury trial a decision was rendered by Honorable Benjamin Lencher, President Judge of the County Court of said county, in favor of the plaintiffs against all the named defendants for $1,600, representing $1,500 paid on account of the purchase price and $100, the value of the furniture, plus interest. Exceptions to the adjudication and decision having been overruled and judgment in the amount of $2,073 entered on the decision, this appeal by Mr. and Mrs. Cole followed.

The written agreement generally provides for the sale of the property by the appellants to the appellees for the sum of $26,800, payable $1,500 upon the signing of the agreement and the balance in cash upon delivery of the deed; and provides that the initial payment is to be held in escrow by the Robin Realty Company, the broker, who is to be paid his commission by the seller-appellants. However, the complaint, as amended, alleges that the agreement was subject to the sale of property then owned by the purchaser in said Borough of Crafton, which condition the "Defendant Givocchino

L. Clemente,[1] trading . . . as Robin Realty Company by his agent, . . . Robert E. Stack[1] . . . and the said agent . . . of defendants William R. Cole and Ann N. Cole . . . did intentionally and without reason omit or eliminate from the said Agreement of Sale . . ." The existence of such condition and any fraud in connection with the written agreement was denied by the defendants.

Considering the evidence in the light most favorable to the appellees, the decision winners, and giving them the benefit of all reasonable inferences arising therefrom, we fail to find in this record any evidence to support a finding of fraud on the part of the defendants or their agents as alleged by the appellees. The most that can be said is that prior to the execution of the agreement under consideration Mr. and Mrs. Crown discussed with Mr. Clemente and his salesman Mr. Stack, the possibilities of disposing of the property then owned by them, and being assured they would have no trouble selling it, listed it with them for sale at $17,900, which price was later reduced to $17,000 after the F.H.A. officer had evaluated it. When they signed the written agreement with the appellants they were aware that it was not conditioned on the sale of their property, the broker telling them that this was an agreement between them and the Coles and that he couldn't expect the seller to agree to this feature. What appellees relied on was the assurance of the broker that there would be no problem about selling their house, rather than the written agreement. A similar situation was ruled on by this Court in *Laughlin v. McConnel*, 201

---

[1] The spelling of the name Gioacchino L. Clemente appears to be in error.

It would appear that this name, Robert E. Stack, is erroneously given in the amended complaint. However, throughout the record otherwise the correct name of this person would appear to be A. E. Stack.

Pa. Superior Ct. 180, 191, A. 2d 921 (1963), wherein we refused to recognize future promises and assurances as fraud.

However, the fraud theory is not pressed in this appeal. It is appellees' present contention that the written contract was modified by a subsequent oral agreement which made the sale of their property a condition to the completion of the sale covered by the written agreement. A written agreement can be modified by a subsequent oral agreement provided the latter is based upon a valid consideration and is proved by evidence which is clear, precise and convincing. *Pellegrene v. Luther,* 403 Pa. 212, 169 A. 2d 298 (1961).

We find no consideration in this record for the oral agreement of modification now contended for by the appellees. Under the written agreement the initial payment of $1,500 was acknowledged to have been received. However, the testimony indicates that it was paid in part by delivery of a note for $500. It is the subsequent payment of this note which appellees contend was the consideration for the new oral agreement, arguing that they gave up a legal right to withhold the payment and contest the validity of the note. This is an ingenious but unacceptable argument. *Third National Bank and Trust Company of Scranton v. Rodgers,* 330 Pa. 523, 198 A. 320 (1938), cited by appellees, does not support it. That case stands for the principle that the promise of forbearance from prosecuting a lawful claim may be a sufficient consideration for an oral promise. However, it does not support the principle that forbearance from contesting a valid claim constitutes consideration. A contract cannot be based on a promise to do a thing to which a party is already bound, except where the existence of the duty is subject to a reasonable dispute. *Blaisdell Filtration Co. v. Bayard & Co., Inc.,* 311 Pa. 6, 166 A. 234 (1933). Forbearance to assert an invalid claim, or to interpose

an invalid defense to a valid claim, by one who does not have an honest and reasonable belief in its possible validity is not considered sufficient consideration. *Falgiatore v. Falgiatore*, 378 Pa. 586, 107 A. 2d 864 (1954).

We conclude that the alleged forbearance of the appellees from contesting the validity of the note which was part of the initial payment provided for in the written agreement did not constitute sufficient consideration for the modification of that contract asserted by them. For that reason it is not necessary for us to review or discuss the other questions relating to that subject, i.e., the consummation of such an agreement of modification and the right of Robin Realty Company to do so as agent for appellants.

Since there is no dispute that appellees refused to perform their obligation under the original contract after appellants tendered the deed, and that the contract provides for the retention of sums paid under the agreement as liquidated damages by the sellers in case of default by the purchasers, the decision in favor of the purchasers for the amount of such payments was clearly error.

We find nothing to connect appellants with the value of the furniture which appellees with the consent of the broker placed on the premises they had agreed to buy from appellants. The appellants knew nothing about it and in no way authorized the broker to give possession contrary to the written agreement.

The judgment against appellants William R. Cole and Ann N. Cole, his wife, is reversed and entered in their favor.