### Hickey v. Kerns

*Steven R. Arkans,* for plaintiffs.
*Edward D. Foy, Jr.,* for defendants.

BECKERT, *P.J.,* October 22, 1980—Plaintiffs purchased a residence from defendants in July of 1978. According to plaintiffs' complaint, they thereafter observed seepage and leaking of water into the rear rooms of the house. Plaintiffs seek recovery of money damages from defendants, grounded upon their contentions that defendants knew of the water problem and acted to conceal it, that the conditions complained of existed prior to the signing of the agreement for sale of the subject real estate, and that particular representations and warranties, both written and oral, induced plaintiffs to complete purchase of the house.

Attached as exhibits to plaintiffs' complaint are copies of the original sales agreement dated March 20, 1978 and a later endorsement thereto, dated March 27, 1978. The endorsement, signed by the parties, modifies the original agreement adding the following three clauses (the first two of which are typewritten, and the third handwritten):

"That Mortgage amount be changed to be $32,750.00.

"Seller warrants that there is no Water Seepage in property.

"Stains on Ceiling were caused by Condensation, not a roof Leak."

Defendants have filed preliminary objections to plaintiffs' complaint, including an averment that plaintiffs have failed to state a cause of action which would support a recovery, in that the endorsement upon which they rely is unenforceable due to lack of consideration. While we are well aware that such an averment should be pleaded as new matter pursuant to Pa.R.C.P. 1030, we nevertheless have the power to overlook that technicality and treat the issue as properly raised where there has been no objection raised by the opposing party and prompt determination would be in the interest of judicial expediency: McElwee v. Com., 30 Pa. Commonwealth Ct. 320, 373 A.2d 1163 (1977).

Clearly, plaintiffs were obligated upon their signing of the initial written agreement of sale to follow through and complete settlement according to the terms thereof. That agreement contained no mention of any warranty or certification as to existence or lack of existence of a water problem. By its express terms, the agreement stated in paragraph 13 that:

"13. It is understood that Buyer has inspected the property or hereby waives the right to do so and he has agreed to purchase it as a result of such inspection and not because of or in reliance upon any representation made by the Seller or any officer, partner or employee of Seller, or by the agent of the Seller or any of the latter's salesmen and employees, or by a cooperating broker, if any, or any of his salesmen and employees and that he has agreed to purchase it in its present condition unless otherwise specified herein. It is further understood

that this agreement contains the whole agreement between the Seller and the Buyer and there are no other terms, obligations, covenants, representations, statements or conditions, oral or otherwise of any kind whatsoever concerning this sale. Furthermore, this agreement shall not be altered, amended, changed or modified except in writing executed by the parties hereto."

Thus, the question of whether an express warranty on the part of the sellers survived settlement depends solely upon whether the March 27, 1978 endorsement created enforceable rights in plaintiffs. We must conclude that it did not, since we can find no indication that consideration passed from buyers to sellers. It is academic that a subsequent modification of a contract for sale of real estate can be effective only where it is based upon a valid consideration: Crown v. Cole, 211 Pa. Superior Ct. 388, 236 A.2d 532 (1967). The Uniform Written Obligations Act of May 13, 1927, P.L. 985, sec. 1, 33 P.S. §6, provides that ". . . if the writing also contains an additional express statement, in any form of language, that the signer intends to be legally bound" an absence of consideration may be overcome. Unfortunately for these plaintiffs, such a statement is not to be found on the endorsement in question, either in the verbatim wording of the statute or otherwise. All that arguably appears on the endorsement page is the printed "(S)" immediately to the right of each signature line. Our sister court in Allegheny County has determined that neither the printed word "Seal" nor the alternate designation "L.S." on a form printed document constitutes the seal of the parties signatory or suffices to make the document one under seal. See

Associates Consumer Discount Co. v. Gabriel, 72 D. & C. 2d 687 (1974). On the strength of that well-reasoned opinion it would necessarily follow that the preprinted "(S)" here, not even being a recognized abbreviation for the word "Seal," could not possibly stand as a substitute for consideration.

Plaintiffs likewise assert that the following wording in a document executed by all parties at the same time of settlement creates an enforceable warranty:

July 14, 1978

TO WHOM IT MAY CONCERN:

3747 Devonshire Rd.,
Cornwells Heights, Pa.

Seller warrants that there is no Water Seepage in Property

Stains on Ceiling were caused by Condensation, and not from a roof leak.

|  |  |  |
|---|---|---|
| SELLER: | Joseph C. Kerns | (S) |
| SELLER: | Ann Kerns | (S) |
| BUYER: | Joseph P. Hickey | (S) |
| BUYER: | Karen Hickey | (S) |

For the reasons recited above, this argument must also fail. Therefore, plaintiffs have no foundation for counts I and IV of their amended complaint and we will sustain defendants' demurrer thereto.

However, the remaining counts do not sound in contract, but rather appear to plead actionable fraud and violation of the Unfair Trade Practices and Consumer Protection Law of December 17, 1968, P.L. 1224, 73 P.S. §201-1 et seq. As to those, the demurrer will be overruled. No discussion of defendants' remaining preliminary objections is necessary.

722

## ORDER

And now, October 22, 1980, defendants' demurrer to plaintiffs' amended complaint is hereby sustained in part, and counts I and IV of the amended complaint are hereby dismissed in accordance with the foregoing opinion. Defendants' remaining preliminary objections are denied and overruled, with leave hereby granted to defendants to file an answer to plaintiffs' amended complaint within 20 days from the date hereof.