ASSOCIATED WISCONSIN CONTRACTORS, Respondent, vs.
LATHERS, Appellant.*

*April 12—May 7, 1940.*

* Motion for rehearing abandoned.

For the appellant there was a brief by *Crownhart & Murphy,* attorneys, and *Perry J. Armstrong* of counsel, all of Madison, and oral argument by *Mr. Robert B. L. Murphy* and *Mr. Armstrong.*

*Joseph E. Tierney* of Milwaukee, for the respondent.

FAIRCHILD, J.   The gist of appellant's argument is that this annual percentage assessment on members based on bids accepted by federal, state, or county authorities is the exaction of a tribute against public moneys; and that whether or not actual injury is shown, the mere tendency to chill competition, to increase costs of public projects, or open the door to vicious practices, is illegal.

Is the complaint sufficient against the demurrer?   An agreement limited to having a common treasury into which a certain percentage of the revenue from public contracts is to be paid falls under condemnation of the rule protecting

the freedom and integrity of competition in securing contracts for public work. *Morgan v. Gove,* 206 Cal. 627, 275 Pac. 415, 62 A. L. R. 219; 2 Restatement, Contracts, p. 1002, § 517. Where the complaint shows an assessment on contractors engaged in public works determined by the volume of public business obtained by them, the inference is that the expenses will be allocated to the bids and will tend to increase the expenditure on the part of the public with relation to those contracts. If that inference is not repelled by allegations of fact showing that such is not the case, the complaint is then insufficient for failure to state a cause of action. *Kellogg v. Larkin,* 3 Pin. 123. It is then treated as a claim based on a contract void as against public policy. In the case of *Kellogg v. Larkin, supra,* it was shown that "a contract in partial restraint of trade is void unless there is some good ground or reason to support it independent of a mere pecuniary consideration, and ordinarily a declaration on such a contract should show such ground or reason by express averment," but if the contract is pleaded and shows such proper ground or reason, the pleading would answer the purpose.

The complaint before us does not disclose the "good ground or reason to support it," but is for recovery of a balance due upon an assessment against a contractor of one fourth of one per cent of the amount of each contract secured by him and the assessment is levied on "highway work in which federal, state or county funds are involved." This levy is provided in the by-laws of the plaintiff association. The public policy which insists upon competition between bidders for public work and dictates that contracts shall be let to the lowest responsible bidder is violated when prospective bidders enter into an arrangement to exact from each other a percentage "of the amount of each contract secured" during the ensuing year. So valued is this method under our public policy that the law casts out as illegal an arrangement to hamper competitive bidding when so limited and so

described. If the mere tendency or purpose of a contract works against public policy, it is illegal, even though no actual damage be shown. 12 Am. Jur. p. 664, § 168; *Houlton v. Nichol,* 93 Wis. 393, 67 N. W. 715; 2 Page, Contracts (2d ed.), p. 1164, § 672. From the allegations of the complaint it appears that the respondent association levies an assessment on the price to be paid by the public on contracts let to the members of the association. As pointed out, this is not lawful. The purpose of the rule is to prevent contractors from assuming a position where selfish motives may impel them to sacrifice the public good to private benefit. 6 R. C. L. p. 731, § 136; *Kentucky Association of Highway Contractors v. Williams,* 213 Ky. 167, 280 S. W. 937, 45 A. L. R. 544; 13 C. J. p. 424, § 360; 17 C. J. S. p. 563, § 211, p. 580, § 215; 5 Williston, Contracts (Rev. ed.), p. 4691, § 1663; 2 Page, Contracts (2d ed.), p. 1545, § 875, and supplement.

The claim on the part of the respondent is not based upon facts similar to those in cases which have been before this court, such as *Milwaukee Masons and Builders' Asso. v. Niezerowski,* 95 Wis. 129, 70 N. W. 166; *Gatzow v. Buening,* 106 Wis. 1, 81 N. W. 1003; *Kradwell v. Thiesen,* 131 Wis. 97, 111 N. W. 233. Those attempts at control were more extreme and apparent than here, but under the pleading the same principle is present in the case at bar, and it is governed by the same rule that public policy requires the utmost freedom and integrity in the matter of letting and securing public contracts. We consider the complaint as showing that respondent is exacting dues from its members measured by the amount of contracts for highway construction obtained by a member without corresponding benefit to the public, and as containing no allegation of facts that take the case out from under the rule.

*By the Court.*—Order reversed, and cause remanded for further proceedings according to law.