Constructors Association of Western Pennsylvania, Appellant, *v.* Seeds et al.

Argued May 3, 1940. 

Before Keller, P. J., Cunningham, Baldrige, Stadtfeld, Parker, Rhodes and Hirt, JJ.

*F. T. Weil,* of *Weil, Christy & Weil,* for appellant.

*John M. Reed,* for appellees.

OPINION BY BALDRIGE, J., October 4, 1940:

This appeal by the plaintiff is from a judgment in defendant's favor in an action of assumpsit brought by the Constructors Association of Western Pennsylvania, which was organized and incorporated to assist contractors engaged in heavy building and construction work in the western part of Pennsylvania, against Seeds and Derham, members of the association, to recover a certain sum alleged to be payable under appellant's by-laws.

The pivotal question for our determination is whether the particular by-law invoked by the plaintiff is illegal and void as against public policy.

Section 5 (a) of the by-laws of the plaintiff association contains the provisions that any contractor becoming a member "shall pay to the Association the sum of Fifty ($50.00) Dollars with his application and shall further agree to pay one-half of one percent of the gross amount of each contract secured in the area covered by the Association. This percentage, one-half of one percent, shall be included in any estimates for new work taken subsequent to the date of the incorporation of this Association, and within the limits of the boundaries of the authority of the Association." This by-law was subsequently amended by reducing the percentage to be paid on contracts from one-half of one per cent to one-fourth of one per cent.

The defendants, while members of the association, were awarded a contract in the sum of $877,177.22 by the United States Government for the construction of

a dam on the Ohio River at Emsworth, Allegheny County, Pennsylvania. This suit was brought by the association to recover from the defendants one-fourth of one per cent of the contract price amounting to $2,192.94.

The defendants at the trial, after the plaintiff rested its case, offered no testimony but moved for a directed verdict on the ground that the by-law aforesaid, upon which the plaintiff relied, is invalid as it is contrary to the public policy of the Commonwealth of Pennsylvania and therefore unenforceable. This motion was granted.

The appellant contends that the by-law on its face is not against public policy and further that the interpretation of the intent of the parties and effect of its provisions were for the jury and not for the court.

The by-law under consideration constitutes the agreement between the association and its members and is subject to the same rules of construction as a written contract signed by all the parties. Like all by-laws it shall be deemed to be legal unless manifestly it tends to injure the public in some way. Its validity, however, does not depend upon the actual injury that may result to the public. The test to be applied to determine its legality is whether its general tendency is opposed to public policy; if so, the contract is unenforceable, notwithstanding the intention of the parties is good and no injury has actually resulted: *Kuhn v. Buhl,* 251 Pa. 348, 370, 96 A. 977.

The Restatement of the Law, Contracts, Vol. 2, section 517, declares that contracts indistinguishable in principle from the one before us are illegal and void as against public policy. That section reads as follows: "A bargain not to bid at an auction, or any public competition for a sale or contract, having as its primary object to stifle competition, is illegal. Comment: a. The common case of the application of the rule stated

in the Section is in bargains not to bid at auction sales or at other competitive sales. Competition may also be stifled, however, by an agreement so to bid as to affect injuriously the final result of the competition even though the number of bidders is not diminished (see Illustration 6) ...... 6. A, B, C and D, building contractors, agree with one another to form the X association and that in future bids for the award of building contracts the successful bidder shall pay the X association 2 per cent of the gross amount of the price fixed in the contract awarded. The agreement between A, B, C and D is illegal." This section of the Restatement was cited with approval in *Ford Motor Company v. Sweeten Automobile Company*, 318 Pa. 177, 178 A. 48.

The facts in *Kentucky Association of Highway Contractors v. Williams*, 280 S. W. 937, 45 A. L. R. 544 are more analogous to the illustration of section 517 of the Restatement, supra, and to the contract or by-law in the instant case than in any other decision cited or that we have found. There the by-laws of the plaintiff provided that members should pay annual dues of $50 and in addition one-fourth of one per cent on all federal, state and county highway work contracted for and did not include all contracts public or private as in the present case, which provides that the percentage "shall be included in any estimates for new work ...... within the limits of the boundary of the authority of the Association." The court held that the provision was illegal because it was void as against public policy having a tendency to induce members to increase their bids. The writer of the opinion said (p. 940) that the contract there involved directly created an opportunity "on the part of the member contractor to add to his bid on all public contracts the amount that the association's contract with him forces him to pay to it, and to thereby

recoup that amount, for his own protection, from the public authority letting the contract."

The limiting of payments of the percentage to public contracts does not affect the principle under consideration. Moreover, it should be noted that the contract awarded defendant was a public contract with the Federal Government, which can only be let to the lowest responsible bidder after advertisement for proposals. See 41 U. S. C. A., Public Contracts, §5. The by-law before us, as the one in the Kentucky case, has an undoubted tendency to cause members to add the percentage payable to the association to their bid and thus in effect tax all contracts public and private to the extent of the percentage added. We agree with the learned court below in its rejection of appellant's argument that the percentage paid the association would be absorbed or included in the indirect expenses or profit in the bid. As it aptly said: "No matter how the item may be designated, or where concealed, it is still an item of expense which the contractor must consider and which must be reflected in his bid."

It seems quite apparent that such a by-law has a direct tendency to injure the public and thus affect competitive bidding. The percentage charged all members is obviously not a payment in the form of dues for services rendered by the association, but gives to such members an interest in the contract as it results in making a distribution to them through the association of a portion of the contract price. If the percentage were larger the effect thereof would become more evident. The principle, however, is the same. The natural tendency of the by-law to prevent and stifle competition, therefore, brings it within the classification set forth in section 517 of the Restatement, supra.

"Bargains directly tending to chill competition, such as one that the successful bidder shall pay a percentage to his competitors———constitute illegal stifling of com-

petition. Competition may also be stifled by a bargain so to bid as to affect injuriously the final result of competition though the number of bidders is not lessened": Williston on Contracts, Volume V, §1663, p. 4692.

In *Master Builders Association of Kansas v. Carson,* 296 Pac. 693, (Kan.), the percentage of the contract price paid to the association was one-half of one per cent, one-half of which was to be distributed equally among the five next lowest bidders. The court held this was invalid. See, also, *Jackson v. Sullivan et al.,* (Ky.) 124 S. W. (2nd) 1019, 121 A. L. R. 341, Annotation, pp. 345 to 348.

It is immaterial whether or not the by-law provides that the percentage payable to the association is added to and included in the bid, the plain effect is the same in either case. See *Kentucky Association of Highway Contracts v. Williams,* supra.

We are of the opinion, therefore, that the by-law was invalid and unenforceable.

We find no merit in the appellant's second proposition that the validity of the contract depends upon the determination of some question of fact which should have been submitted to the jury. There was no factual dispute. The terms of the by-law or the contract are certain and definite. There can be no question as to their interpretation. They explicitly provide for the payment by the defendant of one-fourth of one per cent of the gross amount of the contract price. "Whether or not a contract, the terms of which have been ascertained, is void as in contravention of public policy is a question of law to be determined by the court": 17 C. J. S., Contracts, sec. 615, p. 1278. See, also, *Kuhn v. Buhl,* supra, p. 370.

As there was no controversy as to the facts the court correctly directed a verdict for the defendants.

Judgment of the court below is affirmed.