## GRIFFITHS & SPRAGUE STEVEDORING CO., Inc., v. WATERFRONT EMPLOYERS ASS'N OF PACIFIC COAST.

### No. 11437.

Circuit Court of Appeals, Ninth Circuit.

July 29, 1947.

J. Gordon Gose, of McMicken, Rupp & Schweppe and Edward M. Hay and David O. Hamlin, all of Seattle, Wash., for appellant.

Edward G. Dobrin and Stanley B. Long, of Bogle, Bogle & Gates, all of Seattle, Wash., for appellee.

Before GARRECHT, MATHEWS, and HEALY, Circuit Judges.

MATHEWS, Circuit Judge.

In an action by appellee, Waterfront Employers Association of the Pacific Coast, a California corporation, against appellant, Griffiths & Sprague Stevedoring Company, Incorporated, a Washington corporation, appellee obtained a judgment against appellant for $74,471.04, with interest and costs. From that judgment this appeal is prosecuted.

Appellee is a nonprofit corporation formed under article 1, §§ 593–605e, of title 12 of part 4 of division 1 of the California Civil Code. It has voting members and associate (nonvoting) members.[1] Its voting members are persons, firms, associations and corporations engaged in the business of carrying cargo by water to or from Pacific coast ports of the United States (except Alaska ports) or their designated agents. Its associate members are persons, firms, associations and corporations employing longshoremen or other shore em-

---

[1] See §§ 600 and 603 of the California Civil Code.

ployees at said ports and associations and corporations composed of such employers or formed to deal with matters relating to such employments. At all pertinent times, appellant was a corporation employing longshoremen and other shore employees at Pacific coast ports in the State of Washington and was an associate member of appellee.

As stated in its articles of incorporation,[2] appellee was formed to represent its members in matters relating to the employment of longshoremen and other shore employees at Pacific coast ports of the United States (except Alaska ports), including the negotiation, execution and performance of contracts with other employers or groups thereof and contracts with groups or associations of longshoremen and other shore employees governing wages, hours and conditions of such employment; to assist, represent and act in behalf of its members in connection with any violation of agreements relating to longshore or other employments ashore at said ports, to the end that all such agreements shall be faithfully performed by all parties thereto; to collect, compile and distribute information and statistics relating to the matters aforesaid; and to act on behalf of its members in the development, establishment and maintenance of safe working conditions and rules relating thereto.

Appellee is governed by a board of directors.[3] By a resolution which was in effect during 1940, 1941, 1942, 1943 and 1944, the board levied against appellee's members an assessment of 2½ cents per ton on all off-shore and intercoastal cargo handled (loaded or discharged) by them, payable at the end of each month. In 1943 and 1944, appellant handled, for the United States, off-shore and intercoastal cargo, namely, Army cargo, as follows: In 1943, 1,389,161 tons, on which the assessment was $34,729.02; in 1944, 1,589,681 tons, on which the assessment was $39,742.02. These assessments aggregated $74,471.04. Appellant did not pay the $74,471.04 or any part thereof. Hence this action and the judgment here appealed from.

The resolution mentioned above was adopted pursuant to and in conformity with appellee's by-laws. The by-laws were adopted pursuant to and in conformity with § 598 of the California Civil Code. Section 598 provides that the by-laws of a non-profit corporation "may contain, among other things, provisions for * * * dues and assessments to be paid by members or different classes of members and the methods of collection thereof"; that "Such dues or assessments or both may be authorized to be levied upon all classes of membership alike, or in different amounts or proportions or upon a different basis upon different classes of membership"; and that "memberships of one or more classes may be made exempt from either dues or assessments or both." Appellee's by-laws provide:

"The powers and duties of the Board of Directors are: * * *

"To levy and assess and collect, and provide for the collection of, dues or assessments in accordance with the provisions of these by-laws; * * *

"In fixing all dues and levying all assessments, the board of directors shall determine the amount to be paid by each member per ton of cargo loaded and/or discharged at each United States Pacific coast port (except Alaska ports). * * *

"Notice of any action taken by the board of directors with respect to dues or assessments shall be sent to the members promptly by registered mail and shall not become effective until seven days after such mailing. No member who resigns from [appellee] prior to the effective date of such action shall be bound thereby. * * *

"Any member may resign by submitting its written resignation at any meeting of the board of directors or of the members, or by mailing or telegraphing its resignation to [appellee]; and thereupon such resignation, without the necessity of any acceptance, shall become effective forthwith unless otherwise specified therein, provided, however, that no such resignation shall become effective until full payment of all arrears for dues and assessments to which such member has become liable."

---

[2] See § 595 of the California Civil Code.

[3] See § 599 of the California Civil Code.

Notice of the resolution mentioned above was mailed to appellant and other members of appellee, as provided in the by-laws. Appellant has never resigned from appellee.

■ The by-laws provide that "the board of directors shall not have power to levy, assess or collect dues or assessments in excess of a maximum rate to be fixed, at a regular or special meeting, by the vote of members holding a majority of the voting power of the entire membership." However, no maximum rate has been fixed. The by-laws do not make the fixing of such a rate a condition precedent to the levying of assessments. The failure, therefore, to fix such a rate did not preclude the adoption of the resolution mentioned above or render it invalid.

Appellant contends that "Appellee's claim is contrary to public policy and therefore void." Appellee's claim is for the unpaid assessments mentioned above. These assessments were levied by the resolution mentioned above. Assessments levied by the resolution were levied to cover the cost of services performed by appellee for its members. Services so performed by appellee were needed by its members in handling off-shore and intercoastal cargo, including Army cargo.

Army cargo was handled by appellant and other members of appellee in 1940, 1941, 1942, 1943 and 1944. Assessments levied by the resolution mentioned above were collected by appellee from appellant on Army cargo handled by it in 1940, 1941 and 1942 and from other members of appellee on all Army cargo handled by them. It does not appear to have been suggested by appellant, its fellow members or anyone else that these collections were contrary to public policy.

The trial court found that services performed for appellant by appellee were needed by appellant in handling Army cargo in 1943 and 1944; that if said services had not been performed by appellee, appellant would have had to perform them itself at a cost much greater than the assessments on said cargo; and that said assessments (aggregating $74,471.04) were just, equitable and commensurate with the value of said services. These findings are not challenged.

■ It does not appear that the collection of these assessments would stifle or have any tendency to stifle competition among appellee's members,[4] or that it would injure or have any tendency to injure the public in any way. We therefore reject the contention that appellee's claim is contrary to public policy.[5]

■ Appellant contends that "The tonnage tax is invalid for want of uniformity, required by statute," and that "The resolutions of appellee's board of directors purporting to levy the tonnage tax are invalid because not authorized by a vote of the membership." There is no resolution of appellee's board of directors purporting to levy a tax. The board is not empowered to levy taxes and has not attempted or pretended to do so. No tax is claimed or sought to be recovered in this action. Appellee's claim is for assessments. The assessments claimed were levied by a valid resolution and are valid assessments.

Appellant contends that "Appellee's associate members are not subject to liability for dues under appellee's articles and by-laws." No dues are claimed or sought to be recovered in this action. As stated before, appellee's claim is for assessments. It is clear that appellee's associate members, including appellant, are subject to liability for assessments. Whether they are subject to liability for dues we need not and do not now decide.

Other contentions of appellant are so obviously lacking in merit as not to require discussion.

Judgment affirmed.

[4] Cf. Bailey v. Association of Master Plumbers, 103 Tenn. 99, 52 S.W. 853, 46 L.R.A. 561; Kentucky Association of Highway Contractors v. Williams, 213 Ky. 167, 280 S.W. 937, 45 A.L.R. 544; Master Builders Ass'n v. Carson, 132 Kan. 606, 296 P. 693; Associated Wisconsin Contractors v. Lathers, 235 Wis. 14, 291 N.W. 770; Constructors Ass'n v. Seeds, 142 Pa.Super. 59, 15 A. 2d 467, cited by appellant.

[5] Cf. Electrical Contractors' Ass'n v. A. S. Schulman Electric Co., 391 Ill. 333, 63 N.E.2d 392, 161 A.L.R. 787.