Constructors' Association of Western Pennsylvania, Appellant, *v.* Furman.

Argued April 12, 1949. Before RHODES, P. J., HIRT, RENO, DITHRICH, ARNOLD and FINE, JJ. (ROSS, J., absent).

*A. J. Marion* and *W. F. McCrady, Jr.,* with them *McCrady & Nicklas* and *Smith, Marion & Balaban,* for appellant.

*W. Robert Thompson,* with him *John E. Baily* and *Montgomery, Thompson & Baily,* for appellee.

OPINION BY RENO, J., July 15, 1949:

The association sued defendant for $1233.33, representing annual membership dues from 1941 to 1946. The jury found for defendant, and the association has appealed from the refusal of its motions for judgment n. o. v. and a new trial.

I. On April 15, 1935 defendant signed the following: "I We hereby make application for membership in the Constructors Association of Western Pennsylvania and when accepted agree to comply with the Constitution and By-Laws of the Association and such rules and regulations as may be regularly adopted for its government and operation." He was accepted as a member by the board of governors on May 8, 1935.

Over appellant's objection, defendant was permitted to testify to a parol agreement allegedly made contemporaneously with the written application. In 1935 defendant was chairman of the highway committee of the Pennsylvania House of Representatives, and a contractor by occupation. He testified: "I signed the application because Mr. MacGregor [secretary of the association] said that I would go into the association just to use my name, that it would help him in getting members; he at that time was making a drive to get members

into the association and he wanted my name on the application due to the fact that I was chairman of the highway committee of the house of representatives." He further testified that he was not informed of the initial fee, and that it was understood that he should not be subject to fines, penalties or assessments. Nowhere in his testimony did he assert his exemption from dues, although that was his claim and the import of his testimony. His testimony was denied by MacGregor.

The application was defendant's offer to become a member of the association under the terms of its bylaws; the acceptance of his offer formed a contract; and the bylaws by reference became the terms of the contract. *Elliott v. Lindquist,* 356 Pa. 385, 52 A. 2d 180, approving *Constructors Assn. of W. Pa. v. Seeds,* 142 Pa. Superior Ct. 59, 61, 15 A. 2d 467; *Gordon v. Tomei,* 144 Pa. Superior Ct. 449, 19 A. 2d 588; *Burrill v. Dollar Savings Bank,* 92 Pa. 134; *Susquehanna Ins. Co. v. Perrine,* 7 W. & S. 348. Cf. *Barker v. Bryn Mawr College,* 278 Pa. 121, 122 A. 220; *Bulakowski v. Phila. Saving Fund Soc.,* 270 Pa. 538, 113 A. 553; *Philadelphia v. Jewell,* 135 Pa. 329, 19 A. 947.

The bylaws are complete and entire, and their terms import a complete legal obligation in respect to the payment of dues without any uncertainty as to the amount of the dues or of any other duty imposed upon the members. The alleged parol agreement related to dues and other pecuniary obligations and that subject is exhaustively and completely covered by the written bylaws. Fraud, accident or mistake was not alleged. Accordingly, under *Gianni v. Russell & Co., Inc.,* 281 Pa. 320, 126 A. 791, testimony of prior negotiations or of a contemporaneous agreement was inadmissible.

The cases relied upon by appellee and the court below are not applicable. In *Kisinger v. Pa. Trust Co. of Pittsburgh,* 119 Pa. Superior Ct. 16, 180 A. 79, the written extension of the mortgage did not deal with the subject

matter of the parol collateral agreement. In *Garrison v. Salkind*, 285 Pa. 265, 132 A. 125, the writing was a letter, not a contract, and the action was not based upon it. In *Fed. Reserve Bank v. Gearon*, 331 Pa. 65, 200 A. 80, the bank as assignee stood in the shoes of the obligee of the mortgage bond, and the obligee *admitted* that he had made the parol agreement. *Gandy v. Weckerly*, 220 Pa. 285, 69 A. 858, was decided before the *Gianni* case, and if not repudiated has at least been limited in its application. *Speier v. Michelson*, 303 Pa. 66, 70, 154 A. 127; *Lycoming Trust Co. v. Smithgall*, 334 Pa. 4, 6, 5 A. 2d 152. It relates to the fraudulent use of an instrument in violation of a parol promise, a factor not averred or proved here. See *Myers v. Gibson*, 304 Pa. 249, 155 A. 563; *U. S. National Bank v. Evans*, 296 Pa. 541, 551, 146 A. 126; *Phila. & Del. Co. R. R. Co. v. Conway*, 177 Pa. 364, 35 A. 716. The first assignment of error is sustained.

II. In its opinion refusing appellant's motions the court below, on the authority of *Constructors Assn. of W. Pa. v. Seeds,* supra, pronounced the bylaws invalid as opposed to public policy. The question was not raised in the court below by pleading or a point, and appellee neither briefed nor argued the proposition in this Court. Appellant informed us that after the *Seeds* decision its bylaws were drastically amended to meet the objections found by this Court. The provision requiring members to include in their bids and estimates the fixed per centage of one-half of one per cent, which was an objectionable feature in the *Seeds* case, has been eliminated. The per centage rate for annual dues is now a variable not a uniform figure, designated not in advance but after the close of the calendar year in which members obtain their contracts. A provision expressly prohibits members from anticipating the per centage rate, "and add the same to any bid or estimate."

Nevertheless, the court below said: ". . . the inference is that the contractor would include in his bid an amount equal to at least ¼ of 1% thereof for dues in plaintiff's association." The inference does not seem to have substantial basis, for the evidence in the instant case shows that the per centage varied over the years involved from three-sixteenths of one per cent to one-fifth of one per cent, and that the rates were fixed at the close of the respective years.

The *Seeds* case is res judicata as to the contract involved in that case, and this Court does not intend to depart from its doctrine. But it cannot control this case. There members were required to add to their bids the per centage to be paid to the association; here they are prohibited from so doing. It cannot be inferred that the members of the association violate the prohibitive sections of the revised bylaws. There is a rebuttable presumption that they obey them. If, notwithstanding the bylaws, the actual operations of the association breach the principles of sound public policy the law will condemn them. However, before a court can denounce such practices it must act upon facts, not inferences. A contract apparently valid upon its face may nevertheless be impeached for illegality as opposed to public policy by evidence aliunde. *Kuhn v. Buhl*, 251 Pa. 348, 96 A. 977; *N. Y. & Penna. Co. v. Cunard Coal Co.*, 286 Pa. 72, 132 A. 828; *Waychoff v. Waychoff*, 309 Pa. 300, 163 A. 670; *Bruno v. Cara*, 116 Pa. Superior Ct. 544, 176 A. 863. The difference between the *Seeds* case and the instant appeal is clear. In the former the Court could by merely reading the bylaws discover the illegality. In this case the question can be decided only on evidence relating to the manner in which the association conducts its affairs. The question raised by the court below cannot be adjudicated on the record as it now stands.

III. Appellant's criticisms of the charge of the court are justified. It was contradictory and misleading, and

it confused the jury so much that it returned a special verdict for defendant, wherein it found that he had been released from the dues here in question by his payment in 1942 of $250 as a compromise and settlement of his dues which had accrued prior to 1941. The trial judge refused to accept that verdict and the jury later returned a general verdict for defendant. Nevertheless, it exemplifies the state of mind with which the jury began its deliberations. Now that the question of the admissibility of the parol evidence has been clarified there should be no further difficulty in submitting the case to the jury.

IV. Appellant's theory at the trial was that the amount of the unpaid dues for which appellee is liable depends in part upon oral testimony, and therefore the credibility of witnesses is in question. In these circumstances judgment n. o. v. cannot be entered for appellant.

Reversed and a new trial awarded.