## Pennypack Woods Home Ownership Assn. v. Dahlberg

*Edward I. Swichar*, for plaintiff.
*Marshall Kresman*, for defendant.

S. SMITH, *J.*, January 9, 1975—The basis of plaintiff's complaint is that defendant refused to vacate the premises owned by plaintiff, in accordance with the decision of the association's board of directors, which determined that Pennypack's best interests required the termination of defendant's membership in the association. Plaintiff alleges that defendant never bothered to seek an appeal from the decision of the board, as required by Pennypack's articles of incorporation and by-laws, and therefore, as a matter of law, the determination of the board of directors is final and conclusive. Plaintiff's motion is for summary judgment.

A summary judgment is to be entered only in the clearest of cases where there is not the slightest doubt as to the absence of a triable issue of material fact: Granthum v. Textile Machine Works, 230 Pa. Superior Ct. 199, 326 A. 2d 449 (1974); Prince v. Pavoni, 225 Pa. Superior Ct. 286, 302 A. 2d 452 (1973).

In a motion for summary judgment, this court must determine whether there is any issue of fact to be tried. The moving party bears the burden of proving the absence of any genuine issue of material fact with all doubt being resolved against him: Schacter v. Albert, 212 Pa. Superior Ct. 58, 239 A. 2d 841 (1968).

This court feels plaintiff has met that burden in this case.

Defendant attempts to raise several questions as being genuine issues of material fact. Defendant contests the validity of material fact and appeal procedures cited by plaintiff. Defendant states that plaintiff never obtained approval from the federal agency, GNMA, for amendment of that by-law which authorized the termination of defendant's

membership and the right to appeal to the association's general membership.

However, in defendant's answer to plaintiff's complaint (paragraph 12), he admits that under the by-laws, he had the right to appeal. Also, from the deposition of plaintiff's manager, it seems clear that the by-law in question, article V, section 8, was first enacted in 1947, was amended in 1948, and approved by GNMA in 1952. Defendant does admit in his answer that he joined the association in 1957, some nine years after the by-law amendment. This article has remained unamended since 1948.

Defendant asserts that he was not given a fair and equitable opportunity to make a timely appeal from the decision of the board of directors, and was never provided with a current set of by-laws detailing the appeal right.

Yet, defendant, on page 11 of his deposition, does admit that he received a copy of the by-laws when he became a member in 1957, but never bothered to read them.

The by-laws constitute a "private statute" or a contract which shareholders or members like the corporation are obliged to follow: Constructors' Association of Western Pa. v. Furman, 165 Pa. Superior Ct. 248, 67 A. 2d 590 (1949). Although defendant may not have bothered to read these by-laws, he became bound by their provisions.

Defendant further asserts that nowhere in the association's rules and regulations, by-laws or constitution is it stated that a member will be held responsible for the actions of his children.

However, defendant completely ignores the regulation unanimously adopted by plaintiff's board of directors on September 13, 1966, relating to malicious conduct on the part of a member's children.

Defendant also argues that plaintiff did not have authority to increase the rent of a probationary whose membership was suspended. Defendant ignores article IV, section 1, of the by-laws which authorizes the association's board of directors to make all rules and regulations for the administration and operation of the association.

Defendant further asserts that no formal complaint of the charges against him was ever served upon him. But the deposition of plaintiff's president does reveal that a copy of the formal complaint was served upon defendant on October 16, 1972.

Finally, defendant alleges that the association's board of directors improperly terminated defendant's membership in "executive session" with no authority for such procedures in the by-laws.

However, defendant ignores article VIII, section 7, of the association's by-laws, which provides that Robert's Rules of Order (Revised) be followed at board of directors' meetings. Robert's Rules does allow for executive sessions at matters relating to discipline: art. IV, §21, page 81. (See Ch. 1, #9, p. 81.)

In considering the assertions raised by defendant and after reviewing the pleadings and depositions involved, it is this court's conclusion that no genuine issues of material fact do exist.

The key consideration is that defendant failed to exhaust his remedies by neglecting to appeal the board of directors' decision to the general membership of the association.

Furthermore, the dictates of due process have been followed during the course of this matter.

On October 16, 1972, a formal complaint was filed on defendant by plaintiff. On March 27, 1973, the board of directors held a meeting at which time they determined that Pennypack's best interests

required defendant's suspension as a member for three months; thus requiring defendant to pay the higher rental rate charged to "trial tenants." Defendant had due notice of that meeting and was in fact present with an opportunity to be heard if he wished.

Defendant failed to appeal this suspension ruling of the board of directors as provided for in the by-laws of which he had a copy.

The board then convened to review the suspended membership of defendant on July 31, 1973, and voted to terminate his membership.

Defendant received due notice of the termination decision, but again failed to appeal the board's decision as the by-laws provide.

## ORDER

And now, January 9, 1975, it is hereby ordered and decreed that plaintiff's motion for summary judgment in ejectment be entered against defendant for possession of the premises at 8629 Yale Place, Philadelphia, Pa.