## Daley Mack Sales Inc. v. Klink

*Jon A. Barkman*, for plaintiff.
*Richard J. Bedford*, for defendant.

COFFROTH, *P.J.*, September 20, 1982—The chief issue in this assumpsit action, tried non-jury, is whether or not the motor vehicle "Equipment Lease" upon which this action is brought by plaintiff "lessor" against defendants "lessee" for unpaid rentals, is a true lease or is in reality a sale subject to the Motor Vehicle Sales Finance Act of 1947, P.L. 1110 as amended, 69 P.S. §§6601 et seq, hereinafter called Act or MVSF Act.

The "Equipment Lease" is dated March 19, 1977, and is in form a true lease by plaintiff to defendants of a tractor and trailer therein described, for a rental of $829 per month for 36 months; it contains no provision for purchase by or transfer of title to

defendants and requires return of the vehicles to the lessor at the expiration of the lease. Defendants paid the rental in full only for two months; plaintiff repossessed the vehicles in 1977, sold them to third persons in 1978, and now sues for the whole amount of rental payable under the lease less sums realized from sale (a deficiency judgment) and for consequential damages.

The defense contends that the "Equipment Lease" sued on is an installment sale contract within the meaning of the Act and is unenforceable for its failure to comply with the formal requirements of the Act, and for failure of plaintiff to comply with the requirements of the Act for notice to defendants of repossession and right to redemption under §§23D, 25 and 26 thereof, 69 P.S. §§623D, 625 and 626. In the alternative, defendants contend that if the instrument is a lease instead of a sale, plaintiff is entitled to recover rental only to the time of repossession and not for the whole of the lease and that the provision in the lease for recovery of the latter amount is invalid. Plaintiff's counsel contends that the contract is in form and in fact a lease, not a sale, that it is enforceable according to its terms and that the act is inapplicable.

## DISCUSSION

Section 3(10) of the Act, 69 P.S. §603(10) defines the instruments covered by it as follows (relevant part):

"10. "Installment sale contract" or "contract" shall mean any contract for the retail sale of a motor vehicle, or which has a similar purpose or effect under which part or all of the price is payable in two or more scheduled payments subsequent to the making of such contract, or as to which the obligor

undertakes to make two or more scheduled payments, or deposits that can be used to pay part or all of the purchase price, whether or not the seller has retained a security interest in such motor vehicle or has taken collateral security for the buyer's obligation, and shall include any loan, any mortgage, any conditional sale contract any purchase-money chattel mortgage, any hire-purchase agreement or any contract for the bailment or *leasing of a motor vehicle under which the hire-purchaser, the bailee or lessee contracts to pay as compensation a sum substantially equivalent to or in excess of the value of the motor vehicle* and any other form of contract which has a similar purpose or effect: Provided, however, That . . . . " (Emphasis added.)

In our pretrial opinion of October 13, 1981, we held that evidence showing that the Equipment Lease requires the lessee "to pay as compensation a sum substantially equivalent to or in excess of the value of the motor vehicle," as stated in §3(10) supra, "would be strongly probative of a sale and might alone warrant a finding of fact that the lease transaction was one of sale, absent other evidence to the contrary." We then said in that opinion (slip opinion page 6):

"We hold that plaintiff's production of the contract in suit which is facially a straight-out lease, requiring return of the vehicle to plaintiff at the end of the term and containing no provision for sale or purchase, makes out a prima facie case of leasing only, absent contrary evidence of a sale, and shifts to defendant the burden of going forward with evidence to reform the instrument into a sale; production by defendant of evidence establishing that aggregate rental substantially equals or exceeds value will entitle defendant to a rebuttle presump-

tion of law that a sale was made, shifting back to plaintiff the burden of going forward with evidence to prove that the intent and purpose of the transaction was merely a lease, on pain of losing the issue."

At the trial, plaintiff offered the equipment lease which was received into evidence; in addition, plaintiff produced the testimony of Mr. Daley, owner of plaintiff corporation, which supported the conclusion that a lease not a sale was in fact intended and that the aggregate rental ($29,845) was substantially less than the fair market values of the vehicles. On the other hand, defendants testified that a sale was intended, not a lease, and produced Exhibit 4, a memo showing the calculation of the lease rental, in the handwriting of plaintiff's vice president who handled the transaction (but did not testify), as follows:

| 23,500 | Selling price truck & trailer |
| 6,345 | Finance charge (9 percent) Add-on interest for 36 months |
| 29,845 | Time Balance |
| 829.00 | Approximate payments per month for 36 months |

Total does not include yearly license or insurance. Truck remains titled to Daley Mack freight checks paid to Daley Mack—Payments deducted and forwarded to Lessee.

The above memo was not contradicted or impeached by plaintiff.

The data on the memo is decisive of our conclusion that defendants contracted to pay a sum substantially equal to the value of the vehicles, plus interest, that the Equipment Lease was in fact in-

tended as and is in reality an installment sale contract, and that the Act is here applicable.[1] Consequently, we need not pass on the alternative defense contention that the provision in the lease for acceleration of rental for the full term is unenforceable for any period after repossession.[2]

---

1. In pretrial opinions (11-26-80, and 10-13-81), we held that the Equipment Lease in suit, being complete and unambiguous and a straight-out lease on its face, could not be converted into a contract of sale by oral testimony except as allowed by the parol evidence rule. To accomplish that, defendants alleged not only illegality of contract, but also fraud and mutual mistake. At the trial the evidence established that the parties knowingly and intentionally, without fraud or mistake, entered into the Equipment Lease which is in form a true lease, notwithstanding that they intended and made a sale; so no foundation of fraud or mutual mistake was laid to support admission of the parol evidence.

But illegality of contract is also an exception to the parol evidence rule, in addition to fraud or mistake. The rule presupposes a valid instrument, otherwise the rule could be accomplice to a cover-up of illegalities and violations of public policy by contracts valid on their face. See: Bosker v. Lewis, 383 Pa. 507, 119 A. 2d 67 (1956); Simpson v. Penn Discount Corp., 335 Pa. 172 (1939); Constructors Association v. Furman, 165 Pa. Super. 248 (1949); PLE, Evidence §305, CJS, Evidence §983.

In effect, the evidence in this case establishes that defendants yielded to the desire of plaintiff's vice president that the contract between them be a lease instead of a sale, and therefore waived their rights under the MVSF Act. Section 32 of the Act, 69 PS 632 prohibits such a waiver in the following language.

'No act, agreement or statement of any buyer in any installment sale contract shall constitute a valid waiver of any provision of this Act intended by the Legislature for the benefit of protection or retail installment buyers of motor vehicles."

2. In support of this contention, the defense cites: Scull v. Reiley, 341 Pa. 529 (1941), appeal from this Court; Unit Vending Corp. v. Tobin Enterprises Inc., 194 Pa. Super. 470, 168 A. 2d 798 (1961); Charlson's Furniture Company v. Heigley, 161 Pa. Super. 24 (1947).

It is conceded that the equipment lease does not meet the Act's formal requirements for a covered contract, and that plaintiff did not comply with §§23, 25 and 26 of the Act requiring notice of repossession and right of redemption.[3] Accordingly, the bargain made as expressed in the equipment lease, being in violation of the Act, may be an illegal one. Illegality of contract is an affirmative defense and must be pleaded by defendant under Civil Rule 1030, and the burden of proof follows the burden of pleading. See: Somerset Mack Sales & Service Inc. v. Bracken, 40 Somerset Legal Journal 298, 307-308, 23 D. & C. 3d 394, 404-405 (1981). Here defendants have pleaded the illegality and have sustained the burden of proof. It does not follow, however, that such illegality of a contractual bargain deprives it of enforceability per se; while the general rule is that courts will refuse to aid either party to an illegal agreement, that rule is subject to a wide range of exceptions and limitations. CJS, Contracts §273. Therefore, it cannot be said that all illegal agreements are void or unenforceable under all circumstances. Restatement of Contracts §§512c, 598a and b. The nature of the particular illegality involved is decisive and must be analyzed in terms of the public policy or statute violated, here MVSF Act.

Section 35A of the act expressly makes unenforceable in Pennsylvania any installment sale contract consummated in Pennsylvania wherein the seller was not licensed; the only other consequence of violation expressed in the act is revoca-

---

3. Although actual repossession of the vehicles was accomplished by the plaintiff from a third person bailee by action in replevin (352 Civil 1977), defendants were not parties thereto and therefore such action does not constitute a repossession by legal process within the meaning of the act.

tion or suspension of license (69 P.S. §610) and criminal prosecution (69 P.S. §637). Compare §611 as amended, "authority of administrator," 69 P.S. §611. In Somerset Mack Sales & Service Inc. v. Bracken, supra, we held that agreements made in violation of the act are not per se unenforceable except for nonlicensure, and that for other violations the concepts of substantial or material breach of general contract law are applicable; and that the same standard determines viability of illegality as a defense to enforcement of the agreement. Therefore, unless the particular statutory violation (other than nonlicensure) is shown to be material or prejudicial to the buyer's substantial rights, illegality of contract based on violation of the regulatory requirements of the act is not a defense. That holding is consistent with Restatement of Contracts §601 which provides as follows:

"If refusal to enforce or to rescind an illegal bargain would produce a harmful effect on parties for whose protection the law making the bargain illegal exists, enforcement or rescission, whichever is appropriate, is allowed."

Accord as to MVSF Act: Rosy Auto Co. v. Moore, 180 Pa. Super. 603 (1956), Newman v. Keys, 12 D. &. C. 2d 705, 708 (1957) and Lavin v. Bingnear, 8 D. & C. 2d 793, 795 (1956); see also Restatement of Contracts §603.[4]

---

4. Section 603 provides:

"A bargain that is illegal only becaue of a promise or a provision for a condition, disregard of which will not defeat the primary purpose of the bargain, can be enforced with the omission of the illegal portion by a party to the bargain who is not guilty of serious moral turpitude unless this result is prohibited by statute. Recovery is more readily allowed where there has been part performance of the legal portion of the bargain."

In the present case, although defendants knew of the repossession, they were not given notice of their right of redemption and of the amount required and the time limit therefore, as prescribed by §25 of the act. The purpose of that notice is, of course, to afford the debtor an opportunity to protect his equity in the vehicle, by paying off the amount due and recovering it before resale or other disposition, or by interesting some third person in buying it from the seller at a price which may be acceptable to the debtor thereby eliminating the risk of a resale at some lower price to his disadvantage. Thus, having the redemption notice is a substantial right of the debtor and an important duty of the seller in the foreclosure process. Section 26 of the act makes that notice the very foundation of a lawful termination of the buyer's claim to the vehicle, of a valid resale by the seller, and of a valid claim by the seller for a deficiency judgment.[5]

It should also be noted here that under §27 of the act,

" . . . . the buyer may have the reasonable value of the motor vehicle at the time of resale, determined in any action or proceeding brought by the

---

5. Section 26 of the Act, 69 P.S. §626, provides as follows:

"A. When the repossesed motor vehicle under an installment sale contract is not redeemed by the buyer either by termination or reinstatement of the contract within the fifteen (15) day notice of redemption period, the buyer shall forfeit all claim to such motor vehicle and collateral security.

"B. If the buyer does not redeem the repossessed motor vehicle within the said fifteen (15) day notice of redemption period, then the seller or holder shall not have the right to bring an action or proceeding against the buyer for a deficiency, as provided in section twenty-seven hereof, unless there shall have been a public or private sale of the repossessed motor vehicle and collateral security."

seller or holder to recover the deficiency, the resale price being prima facie, but not conclusive evidence, of such reasonable value and the said reasonable value, as determined, or the resale price, whichever shall be higher, shall be credited to the buyer on account of his indebtedness. In every action or proceeding for a deficiency the buyer may have the reasonableness of the expense of retaking and storing the vehicle determined."

In the instant case, defendants do not seek to have the reasonable value of the vehicles at the time of resale determined and credited.[6] Instead they seek to bar the deficiency claim entirely for want of redemption notice on grounds of substantial illegality. We agree that defendants are not limited to having reasonable value determined and credited; the want of redemption notice is fatal to the legality of the resale, and §27 read in connection with the prior sections, particularly §§25 and 26 relating to the redemption notice, clearly presupposes valid notice.

For the foregoing reasons, we conclude that a seller's failure to give the redemption notice prescribed by the act is a substantial illegal denial of the buyer's rights which, absent sound justification, bars recovery of a deficiency judgment.

This holding properly functions as a deterrent prophylaxis upon motor vehicle sellers for substantial noncompliance with the MVSF Act which, as stated in §32, is "intended by the Legislature for the benefit or protection of retail installment buyers of motor vehicles."

We find for plaintiff on defendants' counterclaim.

---

6. According to plaintiff's trial testimony, the reasonable value of the vehicles exceeded the resale price, but not by enough to eliminate the deficiency.

## NONJURY NISI DECISION

Now, September 20, 1982, plaintiff's complaint is dismissed with prejudice and the verdict thereon is for defendants. Defendants' counterclaim is dismissed with prejudice, and the verdict thereon is for plaintiff. Costs on plaintiff.