Weona Camp, Inc. et al., Appellants *v.* David Gladis et al., Appellees.

Argued December 16, 1982, before Judges BLATT. CRAIG and DOYLE, sitting as a panel of three.

*E. Drummond King, King, McCardle & Herman,* for appellants.

*Roger N. Nanovic, II,* for appellees.

OPINION BY JUDGE BLATT, February 25, 1983:

Weona Camp, Inc. (camp) appeals here an order of the Court of Common Pleas of Carbon County which adjudged certain by-laws of the corporation null and void.[1]

The camp is a private fraternal hunting club, registered in this Commonwealth as a non-profit corporation. Its primary asset is a 30-acre tract of real estate situated in Carbon County. One by-law, the validity of which is not in question, provides that whenever only five of the original 11 members remain alive, "the Weona Camp, Inc. must be sold and divided equally among the (5) living members and the (6) heirs of the deceased members." The condition precedent for the operation of the by-law (death of at least six original members) occurred, and an attempt was made to

---

[1] Jurisdiction is found in Section 762(a)(5) of the Judicial Code, 42 Pa. C. S. §762(a)(5).

change the camp's by-laws at a special meeting on July 15, 1979 and thereby obviate the need for sale. The appellees, who are heirs of the deceased members, refused to vote on the proposed new by-laws and walked out of the meeting that day as well as at a second meeting held on October 7, 1979.

The camp contends that, because a majority[2] of the members voted in favor of the proposed new by-laws, these should be given effect. The appellees, on the other hand, argue that the original by-laws required unanimity for a change of this dimension, and they point out that the preamble to the original 1960 by-laws reads:

> Now therefore this agreement entered into this day of —————————— 1960.
>
> #1   Each member does hereby pledge himself to live up to all the following by-laws of Weona Camp Inc. and that this agreement *shall* remain in force and effect until cancelled by *mutual consent of all parties hereto.* (Emphasis added.)[3]

In interpreting this provision, we must be guided by the principles of the law of corporations, and it is clear that a by-law acts as a contract among the members. *See Hornsby v. Lohmeyer,* 364 Pa. 271, 72 A.2d 294 (1950). As such, its terms must be construed as we would construe a contract. *See Constructors' Association of Western Pennsylvania v. Furman,* 165 Pa. Superior Ct. 248, 67 A.2d 590 (1949). And words in a contract, if clear and unambiguous, must be given their plain, everyday meaning. *In Re Estate of Brey-*

---

[2] This majority was comprised of both original (proprietary) members and associate (non-proprietary) members. Since we are concerned here with unanimity *of the original members or their legal heirs,* it is unnecessary for us to delineate the exact make-up of the voting majority.

[3] The by-laws were signed by all of the 11 original members.

*er,* 475 Pa. 108, 379 A.2d 1305 (1977). We believe that the language of this by-law is clear and unambiguous, and that it commands and requires the mutual consent of *all* parties to cancel the agreement. A majority vote, therefore, is clearly insufficient.

We are additionally persuaded by considering the effect of the proposed by-law here in question, which would be to alter substantially the members' rights in the 30-acre tract of real estate owned by the camp. It is clear that the property rights of the members may not be affected without their unanimous consent. *Schaad v. Hotel Easton Co.,* 369 Pa. 486, 87 A.2d 227 (1952). The camp attempts to distinguish *Schaad* as applicable only to business corporations, citing *McCaffrey v. Pittsburgh Athletic Association,* 448 Pa. 151, 293 A.2d 51 (1972). But, although *McCaffrey* permitted an amendment of by-laws that affected the members' rights, the by-laws in *McCaffrey* expressly allowed for such an amendment and the rights there affected were merely user's rights in the club, not actual property ownership. *Schaad* was distinguished in *McCaffrey* because, in the latter, the corporation was a non-stock operation and the "members are not and cannot be deemed *owners* in any sense of the term." *Id.* at 160, 293 A.2d at 56 (emphasis in original). *See also Moosic Lakes Club v. Gorski,* 402 Pa. 640, 168 A.2d 343 (1961) (applying *Schaad* to the property rights, as opposed to the membership rights, of non-profit organization members).

The camp also argues that Section 7757(a) of the Nonprofit Corporation Law of 1972, 15 Pa. C. S. §7757(a)[4] provides for by-law amendment by majority rule.

---

[4] The statute provides:

§7757 Action by members.

    (a) General rule.—*Except as otherwise provided in this article or in a bylaw adopted by the members,* the acts at a duly organized meeting of members present entitled to cast

This section, however, although it does provide for majority vote as a general rule, applies only in the absence of a by-law adopted by the members relating to this point. Here it is clear that the original by-laws required the mutual consent of all members.

We will, therefore, affirm the order of the trial court.

### ORDER

AND Now, this 25th day of February, 1983, the order of the Court of Common Pleas of Carbon County in the above-captioned matter is hereby affirmed.

---

at least a majority of the votes which all members present and voting are entitled to cast shall be the acts of the members. (Emphasis added.)