600 A.2d 639

**BRADFORD COUNTY HUMANE SOCIETY, Appellant,**

**v.**

**Musette DUGGAN, Appellee.**

Commonwealth Court of Pennsylvania.

Argued June 10, 1991.

Decided Nov. 27, 1991.

Reargument Denied Jan. 27, 1992.

Mark W. Smith, for appellant.

Michael J. Dowd, for appellee.

Before SMITH and PELLERGINI, JJ., and BARBIERI, Senior Judge.

SMITH, Judge.

Bradford County Humane Society (Society) appeals an order entered by the Court of Common Pleas of Bradford County dated August 20, 1990 which directed Musette Duggan (Duggan) to pay her membership dues to the Society, and upon receipt, ordered the Society to accept the dues unless prior to receipt of the dues the Society properly terminates Duggan's membership in the Society. The Society was further directed to provide Duggan, as a member of the Society, access to the financial records of the Society

pursuant to 15 Pa.C.S. § 5508.[1] The issue raised by the Society is whether statements made by Duggan at a directors' meeting constitute resignation from membership in the Society, and if so, whether the resignation is effective at the time Duggan's words were uttered or when the resignation was accepted by the Society.

The trial court found that Duggan was both a member and a director of the Society although she did not attend meetings of the board of directors in 1988 and 1989. In accordance with the Society's constitution and by-laws, Duggan automatically forfeited her position as a director having missed more than six consecutive directors' meetings. However, on February 6, 1990, Duggan sent the Society a check for her 1990 membership dues which was returned by the Society with a statement indicating that the check was not accepted because Duggan had lost her position as a member and a director. Duggan does not contest the loss of her director's position, and the Society concedes that the expulsion from membership was legally insufficient.

■ Duggan attended a meeting of the Society's board of directors on February 12, 1990 at which, according to the trial judge's findings, Duggan stated that she no longer wanted anything to do with the Society.[2] The trial court also found that Duggan did not intend her statements to be a resignation from membership in the Society and that the court could not construe them to be such considering all of the facts and circumstances existing at the time of Dug-

1. Section 5508(b) states in pertinent part: "Every member shall, upon written demand under oath stating the purpose thereof, have a right to examine, in person or by agent or attorney ... the membership register, books and records of account, and records of the proceedings of the members, directors and such other body, and to make copies or extracts therefrom."

2. If Duggan's statements at the directors' meeting constituted a resignation of her membership, she would not be entitled to the relief sought under 15 Pa.C.S. § 5508(b) which is access to financial records of the Society. However, if there was no resignation, then Duggan would continue to be a member of the Society with all of the rights to membership under 15 Pa.C.S. § 5508(b).

gan's statements. Further, the trial court determined that the Society's subsequent action of formally accepting the purported resignation during its directors' meeting on April 11, 1990 was apparently an afterthought designed to cure the Society's earlier defective removal of Duggan. Moreover, according to the trial court, even if it were incorrect in finding that there was no resignation, at best, Duggan's remarks could be considered as merely an offer to resign which could be revoked before accepted.

Duggan contends that her statements at the meeting on February 12, 1990 were a reaction to discovering that she was terminated as a director and that she did not intend to resign as a member. Further, if her words are construed to be a resignation, the trial court correctly analogized a resignation from membership as requiring compliance with contract rules of offer and acceptance. Thus, if there was a resignation, Duggan's prompt written response to the Society contesting her termination as a member and demanding a hearing effectively revoked the offer of resignation before the Society accepted it on April 11, 1990.

To support her theory, Duggan cites *Constructors' Ass'n of Western Pennsylvania v. Furman,* 165 Pa.Superior Ct. 248, 67 A.2d 590 (1949). The Society correctly notes, however, that *Constructors' Ass'n* involved an application for membership to an organization rather than resignation from membership of an organization. The court in *Constructors' Ass'n* held that "[t]he application was [an] offer to become a member of the association under the terms of its by-laws; the acceptance of [the] offer formed a contract; and the by-laws by reference became the terms of the contract." *Id.,* 165 Pa.Superior Ct. at 250, 67 A.2d at 591. It is apparent that *Constructors' Ass'n* is distinguishable and provides little guidance in resolving the issue presented on appeal. It should be noted, however, that "[in] the absence of any law or rule to the contrary, a member of a membership corporation may resign by simple announcement of his intention to do so, and no acceptance of the resignation is required to give it effect." 18A Am.Jur.2d

Corporations § 931 (1985). Thus, the trial court made an error of law when it concluded that resignation of membership from a nonprofit corporation had to be accepted before it became effective.

 Therefore, the remaining question is whether substantial evidence existed for the trial court to find that the language used by Duggan at the February 12, 1990 meeting did not constitute a resignation. Substantial evidence has been defined as such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *O'Connor Appeal,* 444 Pa. 206, 283 A.2d 279 (1971). In the matter *sub judice,* there is conflicting testimony regarding Duggan's statements. Duggan denies any inference that she quit or resigned from her membership in the Society. N.T., pp. 9, 51. To the contrary, there is testimony from four of the six Society directors present at the February 12, 1990 meeting which is consistent with an expression of Duggan's intent to resign as a member of the Society.

This Court is mindful that the trial court is the fact finder in this matter and that the weight to be given the evidence and credibility to be afforded witnesses are within the trial court's province. *O'Connor Appeal.* There is clearly conflicting testimony at the trial level as to whether or not Duggan resigned from the Society. However, this Court may not reweigh the evidence presented to the trial court nor make its own findings of fact. To do so would unduly restrict the trial court in its ability to resolve conflicts in testimony and perform its fact finding function.

Based on the trial court's finding that Duggan did not resign at the February 12, 1990 meeting, its order is affirmed.

### ORDER

AND NOW, this 27th day of November, 1991, the order of the Court of Common Pleas of Bradford County is affirmed.