RANCK, P.J.,
The matter before the court is the petition of objectors regarding the dissolution of the Independent Fire Co. no. 4 of Milton, Pennsylvania, a non-profit corporation. The issue is whether petitioners, Blair E. Smith, Leroy Seabold Jr., Robert H. Templin and William E. Templin, are entitled to distribution of any assets pursuant to the dissolution of the fire company after petitioners were terminated as life members. The *109 discharges were based on the premise that three of the petitioners joined other fire companies in violation of Article I, section I of the bylaws of the Independent. U.S. Constitution, Amendment I protects the right to associate with others in pursuit of social ends. Public policy and common sense demand that fire company bylaws, which in effect prevent members from joining “other” fire companies, are pre-empted by the federal constitutional First Amendment right to free association, thus promoting the social good by increasing the supply of firefighters.
On February 9, 1990 this court conducted a hearing and argument. Testimony presented by both petitioners and the Independent provided evidence that was basically non-conflicting.
Petitioners, Blair E. Smith, Leroy Seabold Jr., Robert H. Templin and William E. Templin, provided evidence that they were life members of the Independent in 1978, the year the fire company became inactive. Between 1978 and 1980, except for Leroy Seabold Jr., the petitioners joined other active fire companies within the Milton Fire Department in order to remain active firefighters. The evidence demonstrated that the Milton Fire Department has a bylaw dictating that a life membership in one company is not transferable to another company. Moreover, under the rules of the Milton Fire Department, such a life member in one company will not lose this status if the individual joins a new company within the Milton Fire Department.
Respondents provided evidence that on January 24, 1989 the Independent had a meeting where voting resulted in the decision to dissolve the company, and on June 13, 1989 there was a hearing to decide who the members of the company actually were. Petitioners testified that they were given no *110 notice of either the January 24, 1989 or the June 13, 1989 meeting, and no formal written notes or records of these two meetings exist.
Jeffrey L. Mensch, Esq., receiver, filed a schedule of proposed distribution in October 1989, and petitioners provided evidence of having filed a blanket objection to this schedule in November 1989. This court advised petitioners to seek counsel in December 1989, when petitioners had appeared before the court with inadequate pleadings and overly general objections.
On February 9, 1990 petitioners, having taken the advice of this court, appeared with counsel to present testimony and evidence in support of amended objections to the account of the receiver. At this time petitioners made a successful attempt to demonstrate that, as life members, they are entitled to a share of the assets.
Although our state and federal constitutions provide no explicit right to associate, the United States Supreme Court has identified an implicit right of association or non-association. See Lindenbaum v. City of Philadelphia, 584 F.Supp. 1190, 1193 (1984). The First Amendment protects the right to associate with others in pursuit of social ends. See Murray v. Silberstein, 702 F.Supp. 524 (1988). VanDusen v. Commonwealth, Dept. of Public Welfare, 79 Pa. Commw. 60, 468 A.2d 540 (1983), stands for the principle that when federal law is inconsistent with state or local policies, federal law will pre-empt local or state rules. Moore v. Colautti, 483 F.Supp. 357, 367 (1979), also articulates the rudimentary principle that dictates that an incompatibility between federal and state law must be resolved in favor of the overriding federal interest under the Supremacy Clause.
*111 In the instant case, petitioners have an implicit First Amendment right to associate with “other” active fire companies, even if they are life members of the inactive Independent. Petitioners presented evidence that active firefighting requires associating with “others” to pursue the social end of promoting the public good: putting out fires. The charter of the Independent states that the purpose of the Independent is to save property from destruction by fire and. maintain suitable fire apparatus.
The purpose of the Independent, to promote the public good, was defeated when the company became inactive. Since the petitioners’ constitutional right to associate with other companies and pursue the social end of promoting the public good preempts the bylaws of the Independent, which forbid joining of other companies, the public good must be promoted by pre-empting the bylaws by permitting members of the inactive Independent to associate freely with other active companies.
Bylaws of the Independent that are inconsistent with the United States Constitution are equivalent to state and local policies which are inconsistent with and pre-empted by federal law. The Supremacy Clause of the United States Constitution demands that incompatibility between federal and state law must be resolved in favor of the overriding federal interest; thus, it follows that bylaws are pre-empted by the federal Constitution.
Case law defines what constitutes a right of association or non-association. This right is not limited to the right of speech, press, worship, assembly and/or petition. A decision of whether or not to join a union that resulted in a city’s denial of certain benefits to employees did place a burden on the employees/plaintiff’s First Amendment interests in Lindenbaum, supra at 1194-6. The decision of *112 whether or not to join another fire company resulted in the Independent Fire Company denying benefits to its life members.
Bylaws of a fire company, which constitute a private contract between petitioners and the Independent, must be rendered invalid because they opposed public policy even if the bylaws constitute a contract that is valid on its face. The bylaws are illegal based on the facts presented at the February hearing. When the principles of sound public policy, providing a supply of firefighters, are breached via the bylaws of an association, we must condemn the bylaws to uphold the law. Constructors’ Assn. of Western Pennsylvania v. Furman, 165 Pa. Super. 248, 67 A.2d 590 (1949).
In addition to the right to associate with other companies, petitioners have a property right to the assets of the Independent. This right exists because it was never lost when petitioners joined other companies. Moreover, petitioner Seabold never did join another company. Petitioners were denied due-process rights when the company was dissolved and membership accounted for during the January 24, 1989 and June 13, 1989 meetings. Petitioners had no notice of these meetings and no opportunity to be heard. Property rights cannot be denied without notice or a hearing. See Bishop v. Wood, 426 U.S. 341 (1976).
For all of the foregoing reasons, we enter the following
ORDER
And now, June 13, 1990, it is ordered and directed petitioners shall share in and receive their due portion as life members of the assets of the Independent Fire Company no. 4 of Milton, Pa.